UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN


United States of America,

      Plaintiff,

      v.                            Case No. 18-cr-20686

                                       Hon. Denise Page Hood

Peter Raymond Nwoke,

      Defendant.

_____/


MOTION TO DISMISS INDICTMENT


NOW COMES Defendant, by and through his attorney, Joseph Falcone, and moves this Honorable Court to dismiss the indictment for the reasons set forth below and in the attached brief:

1.  Defendant was indicted on October 11, 2018, for allegedly making false statements on his 2011, 2012 and 2013, federal income tax returns in

violation of 26 USC 7206(1), and for failing to pay income taxes for the years 2011, 2012 and 2013 in violation of 26 USC 7203.

2. The statute of limitations expired for the 2011 tax year on October 16, 2018.

3. The United States, without giving any reason, requested that the indictment be sealed and the magistrate sealed the indictment on October 11, 2018.  The indictment was unsealed on July 18, 2019. The reason to unseal the indictment after the expiration of the statute of limitations was insufficient and erroneous.

4. At the time the indictment was unsealed, the statute of limitations, had it not been tolled by the sealing, would have been expired for the tax year 2011 under 26 USC 6531.

5. Defendant had no knowledge of the indictment until it was unsealed.

6. The sealing of the indictment violated the Defendant's right to a speedy trial under the Sixth Amendment of the U.S. Constitution.

7. This court should dismiss the entire indictment as it violated the Defendant's right to a speedy trial, as Defendant was prejudiced by the delay of the trial.

8.  The United States did not act with reasonable diligence in bringing the

    Defendant to trial.

9.  The United States is more to blame for the delay of the trial.

10. Alternatively, this court should dismiss counts I and IV of the indictment

    because of the expiration of the statute of limitations by the time the

    indictment was unsealed.

11. Defendant has requested that the Plaintiff concur in the relief requested

    by this motion and that request has been denied.

WHEREFORE, Defendant prays that this Motion be granted.

/s/ Joseph Falcone         August 13, 2019
Attorney for Defendant
3000 Town Center, Suite 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com

BRIEF IN SUPPORT OF MOTION

FACTS

The Defendant was indicted on October 11, 2018, but had no knowledge of the indictment, as it was sealed, until July 18, 2019. The motion requesting that the indictment be sealed does not show any good or legitimate reason for sealing of the indictment or why it stayed sealed for so long – over nine months.  The indictment was opened only after the statute of limitations had expired for the tax year 2011.

When the statute of limitations for the 2011 tax year had expired, the Defendant no longer preserved the books and records necessary for his defense and was thus prejudiced.

The burden is on the United States to explain the cause of the pretrial delay. *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997). It is believed that the United States intentionally impermissibly delayed the trial to gain some tactical advantage over the defendant. *Barker v. Wingo*, 407 U.S. 514, 531(1972).

Once federal prosecutors being an indictment against a defendant, they have a duty to notify the District Court that the defendant should be arraigned and appointed counsel, and to bring the defendant to trial expeditiously. See, e.g., *Barker,* 407 U.S. at 527.

The government's delay caused prejudice to Defendant. This is a tax case and a tax case relies on records. The law requires banks to keep records only five years. The Bank Secrecy Act of 1970, (Currency and Foreign Transactions Reporting Act),  31 CFR 103.29(c).  Normally, many banks keep their records for, at the most, 7 years. Therefore, Defendant's bank records for 2011 and half of 2012 would be unobtainable, assuming that the banks even kept the records for seven years.

The reason given by the United States for sealing the indictment was that it should be sealed to "protect the integrity of the case," whatever that means.

In addition, the Court was given no real reason for unsealing the indictment after the expiration of the statute of limitations. A reason to unseal should be presented to the court to unseal an indictment after the statute of limitations had expired.  *U.S. v. Wright*, 343 F.3d 849 (6th Cir. 2003).  The reason given to unseal the indictment was that "the Defendant has been arrested and is entitled to receive a copy of the Indictment."  This is simply erroneous, in that Defendant was never arrested and had never been unavailable to be arrested or arraigned.

The indictment was not properly sealed.  The reason to seal, to "protect the integrity of the case," is vague and insufficient.  This sounds like the United States wanted to delay for tactical reasons.  There is no court opinion that supports such a

reason. Further, the magistrate did not develop the record at the time of sealing in the instant case.

If a sealing is not properly justified, the expiration of the statute of limitations period prior to unsealing will result in dismissal of the indictment. This is so, even if there is no actual prejudice to the Defendant. See, *U.S. v. Gigante,* 436 F. Supp. 2d, 647, 660 (SD NY 2006);  *U.S. v. Upton,* 339 F. Supp. 2d 190 at 196 (D. Mass. 2004);  and *United States v.  Deglomini*, 111 F. Supp 2d 198 at 200, 203 (ED NY 2000).  "We therefore must consider two factors when deciding if a sealed indictment may be opened after the statute of limitation has expired: (1) whether the indictment was properly sealed, and (2) whether the defendant has shown actual prejudice from a sealed indictment being opened beyond the statute of limitations.  *U.S. v. Wright,* 343 F. 3d 849, 858 (6th Cir. 2003)

CONCLUSION

The motion should be granted.

/s/ Joseph Falcone          August 13, 2019
Attorney for Defendant
3000 Town Center, Suite 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com