# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 18-20686
                                       HON. DENISE PAGE HOOD

v.

PETER NWOKE,

        Defendant.

                                           /

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#10] [#12] [#13] AND SETTING HEARING FOR DEFENDANT'S MOTION TO COMPEL [# 11]

## I. BACKGROUND

On October 11, 2018, Defendant Peter Nwoke ("Nwoke") was charged by Indictment with three counts of False Statement on Tax Returns in violation of 26 U.S.C. § 7606(1) (Counts I-III); and three counts of Failure to Pay Income Taxes in violation of 26 U.S.C. § 7203 (Counts IV-VI). [ECF No. 1]

On August 13, 2019, Nwoke filed a Motion to Dismiss the Indictment. [ECF No. 10] On August 23, 2019, Nwoke filed a Motion to Dismiss Counts I, II, and III of the Indictment with substantive errors concerning the relief sought.[1] [ECF No.

---

[1] The Court is responding to Defendant's Amended Motion to Dismiss (No. 13, filed 8/26/19). Defendant has previously filed a Motion to Dismiss the Indictment (No. 10, filed 8/13/19), and a Motion to Dismiss Counts I, II, and III, which mistakenly requested the dismissal of Counts IV, V, and VI in the text (No. 12, filed 8/23/19).

1

12] On August 26, 2019, Nwoke filed an Amended Motion to Dismiss Counts I, II, and III. [ECF No. 13] On September 16, 2019, the Government filed a Response [ECF No. 17] to Nwoke's Amended Motion to Dismiss. On August 22, 2019, Defendant filed a Motion to Compel Discovery and to Adjourn Trial and Extension of Motion Dates. [ECF No. 11] Trial was set to begin on September 10, 2019, but the Government did not object to adjourning that date and the deadline to file motions, at Nwoke's request.

These two motions are currently before the Court.

The charges brought against Nwoke relate to individual tax returns. The Indictment states that during consecutive years, Nwoke significantly understated his personal income and made false statements on his federal income tax returns for the years 2011, 2012, and 2013.

Nwoke's tax returns for the calendar year 2011 indicated a reported income of $152,569.00, which resulted in $48,175.00 in taxes. The Indictment states Nwoke's actual taxable income was $868,978.00, which would have resulted in approximately $265,180.00 in taxes owed. The difference in taxes paid compared to taxes due was approximately $217,005.00, in violation of 26 U.S.C. § 7606(1).

Nwoke's tax returns for the calendar year 2012 indicated a reported income of $139,127.00, which resulted in $43,926.00 in taxes. The Indictment states Nwoke's actual taxable income was $262,228.00, which would have resulted in

2

approximately $85,692.00 in taxes owed. The difference in taxes paid compared to taxes due was approximately $41,766.00, in violation of 26 U.S.C. § 7606(1).

Nwoke's tax returns for the calendar year 2013 indicated a reported income of $144,057.00, which resulted in $58,398.00 in taxes. The Indictment states Nwoke's actual taxable income was $238,679.00, which would have resulted in approximately $88,239.00 in taxes owed. The difference in taxes paid compared to taxes due was approximately $29,841.00, in violation of 26 U.S.C. § 7606(1).

The Indictment states that each year Nwoke was "required by law to pay, on or before April 15" the accurate income tax. According to the Indictment, Nwoke was "[w]ell aware of his obligation" and he "willfully fail[ed]" in violation of 26 U.S.C. § 7203.

## II. MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE INDICTMENT

### A. Standard of Review

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information," including "a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, if it enables the defendant to plead an

3

acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment as drafted is presumed sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy,* 1 F.3d 1501, 1504 n. 3 (6th Cir.1993). A motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government. *United States v. Keller,* 2009 WL 2475454 *4 (E.D.Mich. Aug.11, 2009) (unpublished); *United States v. Landham,* 251 F.3d 1072, 1080 (6th Cir.2001) (A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

### B. Counts One, Two, and Three

Nwoke seeks to dismiss Counts I, II, and III of the Indictment, in which it is alleged that he violated 26 U.S.C. § 7606(1). Nwoke argues that Counts I, II, and III include the same criminal conduct as Counts IV, V, and VI, and are barred by the double jeopardy clause. Nwoke's argument focuses on the double jeopardy clause's prohibition against "multiple punishments for the same offense." *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

In response, the Government argues that Counts I, II, and III should not be dismissed because the two offenses, § 7606 and § 7203, are separate and distinct issues. As two distinct issues, the separate offenses pose no double jeopardy issues.

4

The Government cites *Blockburger v. United States* to explain that double jeopardy is not violated when each statute requires proof of a fact that the other statute does not. 284 U.S. 299, 297 (1932). The Government asserts that the statutes in the instant case have two different underlying goals. One focuses on filing false tax returns, while the other focuses on failing to pay a tax owed. As the Government points out, either offense could happen without the other.

The Government also compares the instant case with *United States v. Foster*, 789 F.2d 457 (7th Cir. 2012). In *Foster*, the Seventh Circuit was faced with an analogous situation in which a defendant was charged with both felony tax evasion in violation of 26 U.S.C. § 7201 and the misdemeanor for willfully failing to file a tax return in violation of § 7203. *Foster* found that there was no double jeopardy problem with charging both violations because § 7203 only required proof that the defendant had a legal obligation to file a tax return and willfully failed to comport with that duty. *Id.* at 460. But § 7201 required additional proof of affirmative acts. *Id.*

The Government also distinguishes the instant matter with Nwoke's main supporting case, *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011). *Ehle* concluded that since someone cannot "possess" child pornography without also "receiving" it at some point, those two offenses could not be charged and punished as distinct acts. The Government reiterates that someone can file a false tax return

and willfully fail to pay taxes, emphasizing that the two acts do not merge into one offense.

### III. MOTION TO DISMISS THE INDICTMENT

On August 13, 2019, Nwoke filed a Motion to Dismiss the indictment, or alternatively, Counts I and IV. Nwoke argues that the Government did not properly seal the indictment and the statute of limitations should not have tolled while the indictment was sealed, which would make Counts I and IV improper.

The Sixth Circuit has established that "a timely and properly sealed indictment tolls the statute of limitations." *United States v. Wright*, 343 F.3d 849, 857 (6th Cir. 2003). The date an improperly sealed indictment is unsealed is the date of consideration for statute of limitations. *Id.* If the date of unsealing falls outside the limitations period, a violation of the statute of limitations results. *Id.*; *United States v. Upton*, 339 F. Supp. 2d 190, 194 (D. Mass. 2004).

Rule 6(e)(4) of the Federal Rules of Criminal Procedure governs the sealing of indictments and it states:

> The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.

Most courts, including the Sixth Circuit, have held that Rule 6(e)(4) does not exclusively set the bounds of a properly sealed indictment, but rather have allowed

sealing for "legitimate prosecutorial purpose[s] or [the] public interest." *Wright*, 343 F.3d at 858.

The Government must establish proper justifications for sealing an indictment. *Id.* at 858. Nwoke argues that the Government's proffered reasons for sealing are "insufficient and erroneous." [ECF No. 10, Pg.ID 24] Nwoke contends that the Government requested to seal the indictment "to protect the integrity of the case" but actually wanted it sealed to assist with the investigation of a separate, unrelated drug investigation with the DEA. [ECF No. 18, Pg.ID 65] Nwoke further asserts that supplying false reasons for sealing an indictment results in an improperly sealed indictment, which warrants an automatic dismissal. *See United States v. Maroun*, 699 F.Supp. 5 (D. Mass. 1988) (dismissing an indictment because the magistrate judge who sealed the indictment was not adequately informed about the Government's reasons for sealing the indictment).

Magistrate judges are given "great deference" when determining whether to seal an indictment. *United States v. Szilvagyi*, 417 F. App'x 472, 477 (6th Cir. 2011). The Government originally requested that the indictment be sealed to "protect the integrity of the case." [ECF No. 15, Pg.ID 45] The Government now provides a more detailed reason for sealing the indictment. The Government needed a witness "to continue to cooperate with DEA agents on ongoing investigations." [ECF No. 15, Pg.ID 44] The Government was specifically

concerned that "its discovery obligations in the Nwoke case might jeopardize ongoing and unrelated investigations." [*Id.*]

This reason was not proffered by the Government when it sought the Magistrate Judge's Order to seal the indictment. The Sixth Circuit has not definitively ruled on whether the Government must provide explicit details concerning an indictment seal at the time the request is made. But the Court is persuaded by the Second Circuit's view that the Government need only provide detailed justifications about its request to seal when challenged by a defendant after the indictment is unsealed. *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987).

The Court finds that the instant matter is not analogous to other cases where courts have dismissed charges based on an improper indictment. Those cases focus on gamesmanship by the Government. *See, e.g.*, *United States v. Benavides*, No. CR 06-62-M-DWM, 2009 WL 10679152, at *5 (D. Mont. Dec. 15, 2009) (finding that the Government's desire to "hold the prosecution of the drug charges until it could join them with the murder charges" an unjustifiable reason to seal an indictment).

Although Nwoke claims *Maroun* is analogous to the instant case, the Court finds the two cases distinguishable because in *Maroun* the Government intentionally represented that "secrecy was required in order to protect an ongoing

8

investigation." *Maroun*, 699 F. Supp. at 6. The Government later conceded that there was "no necessity to protect an ongoing investigation because the investigation had already become public." *Id.* Here, the record does not establish that the Government made misleading statements to the Magistrate Judge, only that the Government was vague. The Sixth Circuit has not ruled explicitly on the necessary details that must accompany a request to seal an indictment, but other circuits have established that the Government's justifications for requesting secrecy "need not even be revealed to the" magistrate judge. *Id.* at 5; *see also Srulowitz*, 819 F.2d at 37 (1987) (finding that keeping a record "simply increase[s] the chances of premature disclosure" and a prosecutor's request for secrecy "is sufficient to invoke the Magistrate's authority to direct sealing").

Another argument supporting the Government's action is the duration of the sealed indictment. *See Benavides*, 2009 WL 10679152, at *11 ("[A] number of district courts have found delays of more than one year unreasonable."). An indictment seal expires "as soon as its legitimate need for delay has been satisfied." *United States v. Gigante*, 436 F. Supp. 2d 647, 654 (S.D.N.Y. 2006) (finding a 21-month delay unreasonable). Here, the Government sought a temporary seal of nine months "in order to assure that [the Government witness] would be able to complete his active cooperation in other drug diversion investigations." The Court

is satisfied that the Government moved to unseal the indictment following its witness's cooperation in another matter. [ECF No. 15, Pg.ID 44]

Magistrate judges are accorded "great deference" when sealing indictments and courts traditionally allow many explanations for sealing indictments. *Wright*, 343 F.3d at 856-58 (approving an indictment sealing that aimed to protect agents and witnesses and to avoid compromising an ongoing investigation of a motorcycle gang); *United States v. DiSalvo*, 34 F.3d 1204, 1218-19 (3d Cir. 1994) (affirming the sealing granted to avoid compromising a trial in another jurisdiction); *United States v. Ramey*, 791 F.2d 317 (4th Cir. 1986) (holding an indictment sealing appropriate to arrange for witness protection and to prevent defendants from fleeing). The Court finds that the Government's justifications are similar to previously accepted reasons, serve a "legitimate prosecutorial interest," and were within the magistrate judge's appropriate discretion.

Upon finding that an indictment is properly sealed, the defendant must show "actual prejudice." *Wright*, 343 F.3d at 857. Nwoke has not met the required burden of actual prejudice. Nwoke simply contends that "banks have now destroyed records that will be relevant" and that he "did not know that the records would be necessary." [ECF No. 18, Pg.ID 70] Absent additional justifications or caselaw, the Court is not convinced by Nwoke's proffered reasons for prejudice.

*See Wright*, 343 F.3d at 860 ("Wright has presented no evidence that various records became unavailable to him because of the delay.").

The Court **DENIES** Nwoke's Motion to Dismiss the Indictment.

IV. **MOTION TO COMPEL DISCOVERY AND TO ADJOURN TRIAL AND EXTENSION OF MOTION DATES**

On August 22, 2019, Nwoke filed the instant motion seeking to compel discovery and adjourn trial. Nwoke asserts that he has not received discovery. Nwoke claims that he has repeatedly requested discovery from the Government. Although the Government does not oppose extending the trial or motion dates, Nwoke states the Government opposes producing discovery.

Although the Court is unaware of how voluminous discovery is in the instant case, the Court agrees that Nwoke cannot adequately prepare for trial without some type of discovery. Since Nwoke has produced no further details regarding the Government's apprehension and the Government has not filed a Response to Nwoke's Motion to Compel, the Court is convinced that some discovery is warranted. The Court is inclined to hear from Nwoke and the Government about what types of discovery would be helpful to Nwoke and why the Government wishes to retain that evidence.[2]

---

[2] To date, the only information regarding the Government's apprehension to provide discovery was given in the Government's sealed Brief in Opposition to Defendant's Motion to Dismiss, [ECF No. 15] which was issued in response to Defendant's first Motion to Dismiss. [ECF No. 10] In that document, the Government argued that "its discovery obligations in the Nwoke case might jeopardize ongoing and unrelated investigations if the indictment was not temporarily sealed." [ECF No. 15, Pg.ID 44]

## V. CONCLUSION

Defendant Peter Nwoke's Motion to Dismiss Counts I, II, and III of the Indictment [#10] [#12] [#13] is **DENIED**.

Defendant Peter Nwoke's Motion to Compel Discovery [#11] is set for a hearing on February 27, 2020 at 2:00 p.m.

Defendant Peter Nwoke's Motion to Adjourn Trial Date and Extend Motion Deadlines [#11] is **GRANTED**.

DATED: February 11, 2020

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge