# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PETER RAYMOND NWOKE,

      Defendant.

_____/

Case No. 18-20686

Hon. Denise Page Hood

## ORDER DENYING MOTION TO DISMISS
## FOR NOT PROVIDING DISCOVERY

**I.   BACKGROUND**

This matter is before the Court on Defendant Peter Raymond Nwoke's Motion to Dismiss for Not Providing Discovery. A response and reply have been filed and a hearing held on the matter.

On October 11, 2018, the grand jury issued an Indictment against Nwoke charging him with False Statement on Tax Returns, 26 U.S.C. § 7206(1) (Counts One, Two, Three, Five, Six) and Failure to Pay Income Taxes, 26 U.S.C. § 7203 (Count Four). Nwoke was arraigned on August 6, 2019 and was released on bond, pending trial. On August 22, 2019, Nwoke filed a Motion to Compel Discovery, alleging that based on the Standing Order for Discovery and Inspection and Fixing Motion Cut-Off Dates in Criminal Cases dated October 1, 2003, the Government was to have provided

Nwoke with discovery within ten days of arraignment, or August 16, 2019. Nwoke withdrew the motion on February 20, 2020.

Nwoke filed a second Motion for Discovery on August 26, 2020, which was denied without prejudice because the Government agreed to arrange for Nwoke's counsel to view the requested documents. (ECF Nos. 27, 29) The parties have since entered into Stipulation and Orders adjourning the trial date for various reasons, including the COVID-19 pandemic.

In his current motion, Nwoke asserts that the Government has held back discovery until the last minute before trial. The latest letter received by Nwoke states that there is still more discovery that has yet to be produced. Nwoke claims he spent four hours recently reviewing boxes of discovery that had been in the Government's possession for years, and that the Government still has hundreds, if not thousands of pages of documents it has yet to produce. Nwoke asserts that counsel is a sole practitioner and that waiting until the last minute to dump thousands of pages of documents is an improper way to gain tactical advantage and deny Nwoke due process in not allowing him enough time to review the documents the Government held in secret. Nwoke seeks dismissal of the case under Rule 16(d)(2) of the Rules of Criminal Procedure, or allow a 90-day adjournment to review the documents.

The Government responds that as to Nwoke's first motion to compel, he was

mistaken as to the language of the Standing Order which states, "[w]ithin ten (10) days from the date of arraignment ... government and defense counsel shall meet and confer," not that the government must provide discovery within 10 days from the date of arraignment. The Government asserts that the Standing Order recognizes that given the variety, complexities, and ongoing nature of the discovery process, including special handling of Jencks Act and *Brady* materials, government witness names and addresses, physical evidence and later-obtained evidence, the Standing Order provides that "disclosure and discovery described in this order is continuing." Standing Order 03-AO-027, p. 2. The Government argues that because discovery and disclosures are an ongoing process, it does not have a static duty to provide discovery at a certain time.

As to Nwoke's current request, the Government agreed to allow defense counsel to inspect identified items of physical evidence seized in a *separate* investigation during the execution of a search warrant at the offices of several adult foster care facilities. Nwoke had asked to inspect a folder containing "original photocopies" of prescriptions he had written and seized in this separate investigation. Nwoke was aware at that time that there were other items relating to the adult foster care facilities' clients, patients and business practices that had been seized, but Nwoke only asked to inspect the identified folder of "original photocopies." Since Nwoke

requested inspection of the folder, he did not ask to inspect other items from this separate investigation until March 2022, a month before the then-scheduled trial in April 2022. This is the first time Nwoke asked to inspect all seized documents from the separate investigation, which had yet to be scanned and produced by the Government. The Government accommodated Nwoke's discovery request within a week. However, given the volume of boxes seized during the execution of the search warrant in the collateral investigation, the Government's response to Nwoke explained that it was Government counsel's understanding that there were additional boxes of items seized, but due to space and transport limitations, only a set of number of boxes can be made available for review at a time. The Government indicated to Nwoke's counsel that after review of the initial boxes, if he would like to review additional boxes, the Government would do its best to accommodate the request. The Government claims that despite having a copy of the detailed evidence log, Nwoke did not contact the Government to review additional boxes or attempt to schedule another date to inspect the documents, but instead filed this third discovery motion. The Government asserts it has complied with Nwoke's requests and would have agreed to adjourn the trial if Nwoke required additional time to review the documents.

## II.     ANALYSIS

A defendant has no general constitutional right to discovery in a criminal case,

*Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); but rather, any such discovery is governed by the provisions of Rule 16 of the Federal Rules of Criminal Procedure. In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Federal Rule of Criminal Procedure 16; (2) The Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir. 1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

Rule 16 requires that the government disclose discovery materials related to the defendant upon the defendant's request. Specifically, the government must disclose oral, written, or recorded statements made by the defendant, the defendant's prior record, certain photographs, papers, documents, data, or places within the government's possession or control, examination and test results, and expert witnesses. Fed. R. Crim. P. 16(a)(1). Rule 16 does not authorize the discovery of internal government documents or any statements made by prospective government witnesses in addition to discovery required by the Jenck's Act. Rule 16 also does not require pretrial discovery of co-conspirators statements. *See, Presser*, 844 F.2d at 1281; *United States v. Boykins*, 1990 WL 143559, at *7 (6th Cir. Oct. 2, 1990) (holding

"co-conspirator statements do not fall within the ambit of Rule 16(a)(1)(A)" as a defendant's statement and were therefore not discoverable pretrial).

Under the Jenck's Act, upon motion of the defendant, the government must produce "statements in its possession of witnesses who testify at trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The government need not provide statements or reports of witnesses until the witness "has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Sixth Circuit has held that the Jencks Act controls the timing of *Brady* disclosures. *See United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994).

Under *Brady*, the government violates due process when it fails to disclose evidence related to guilt or sentencing in a criminal case that is favorable to the defendant. *Brady*, 373 U.S. at 87. The *Brady* rule extends to material that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55, (1972) (impeachment evidence falls within Brady "[w]hen the reliability of a given witness may well be determinative of guilt or innocence"). *Brady* only applies to "the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976). During the course of the proceedings, "the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply

adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d at 1281.

The Eastern District of Michigan Standing Order for Discovery and Inspection and Fixing Motion Cut-Off Date in Criminal Cases, No. 03-AO-027, filed October 3, 2003, provides that "[w]ithin ten (10) days from the date of arraignment, ... government and defense counsel shall meet and confer, ..." The Standing Order then states that upon *request* of defense counsel the government shall provide the information described in Federal Rules of Criminal Procedure 16(a)(1) and permit defense counsel to inspect, copy or photocopy any exculpatory evidence. Nothing in the Standing Order requires the disclosure of Jencks Act material prior to the time the Jencks Act requires its disclosure, nor shall the government counsel be required to automatically disclose the names of government witnesses. Standing Order, pp. 1-2.

If a party fails to comply with Rule 16, the court may consider four options: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2). In *United States v. Bartle*, 835 F.2d 646 (6th Cir.1987), the Sixth Circuit addressed the scope of a district court's discretion in imposing remedies pursuant to Rule 16(d)(2). There, the

government sought to introduce evidence at trial which it had failed to provide to defendant in violation of a discovery order. The defendant sought to exclude the evidence without moving for a recess or continuance. The court held that the district court did not abuse its discretion in admitting the evidence, explaining that "Rule 16 does not require federal courts to exclude evidence not turned over to the discovering party in violation of a discovery order." *Id*. at 649. Because the court found "absolutely no evidence that the government engaged in any deceitful conduct," it concluded that the district court had discretion to admit the evidence. *Id*. at 650. It also noted that the defendant had not proposed any alternative remedies to suppression, and concluded that "[e]xcluding a critical piece of documentary evidence when a recess or continuance would have adequately protected the defendant's legitimate interests is particularly inappropriate where, as here, the government neither willfully nor negligently violated the discovery order." *Id.*

The goal of discovery in criminal trials is to ensure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, sanctions, such as suppression of evidence or dismissal of a case, must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court. District courts should embrace the "least severe sanction necessary" doctrine, and hold that suppression of relevant evidence as a

remedial device should be limited to circumstances in which it is necessary to serve remedial objectives. *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).

Motions to dismiss under Rule 12(b)(2) permit a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue[,]" and Rule 12(b)(3)(B) permits a court "at any time while the case is pending ... [to] hear a claim that the indictment or information fails to ... state an offense ." A motion under Rule 12 is therefore appropriate when it raises questions of law rather than fact. *United States v. Ali,* 557 F.3d 715, 719 (6th Cir. 2009).

Based upon this Court's reading of Rule 16 and case law, Rule 16(d)(2) does not expressly allow dismissal of the Indictment as sanctions for failure to provide discovery. As directed by the Sixth Circuit, the district court must embrace the "least severe sanction necessary" doctrine, and hold that dismissal, as requested by Nwoke, as a remedial device should be limited. In this case, dismissal is not warranted since it appears that the Government has provided all the discovery Nwoke requested. The Government has not declined Nwoke access to the documents seized in a collateral investigation. Nwoke did not request further inspection of the documents until March 2022, one month before the then-scheduled trial date in April 2022. The Government is willing to accommodate further inspections of the documents seized in a separate investigation as government counsel so noted in his email to Nwoke's counsel.

Instead of contacting the Government for dates to inspect the documents, Nwoke filed the instant motion for dismissal, which is a severe sanction. The dismissal sanction for failing to provide discovery in a criminal matter has not been addressed by the Sixth Circuit, nor has Nwoke provided any such opinion. It is noted that the Rules of Criminal Procedure only expressly allow for motions to dismiss under Rule 12 if the motion raises questions of law rather than fact. *Ali,* 557 F.3d at 719. Here, the dismissal sought by Nwoke does not involve questions of law related to the allegations in the Indictment. Nwoke is not entitled to dismissal in this case.

Alternatively, Nwoke seeks a 90 day adjournment, which the Government in its response indicated it would agree to such. This is the least severe sanction, although sanctions are not required since it appears the Government has accommodated Nwoke his requests to review the documents seized in a separate investigation. Nwoke must confer with the Government as to which documents he seeks to review, including if he wants to review all the documents seized in the collateral investigation.

### III. CONCLUSION/ORDER

For the reasons set forth above and on the record,

IT IS ORDERED that Defendant's Motion to Dismiss for Failure to Provide Discovery **(ECF No. 38)** is **DENIED** and the alternative relief adjourning trial is now

moot, the Court having entered a separate order setting new dates.

                                                                    s/Denise Page Hood
                                                                    DENISE PAGE HOOD
                                                                    United States District Judge

DATED: August 2, 2022