UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

    v.                                         Case No. 18-cr-20686

                                            Hon. Denise Page Hood

Peter Raymond Nwoke,

    Defendant.

_____/

## MOTION TO REQUIRE THE PLAINTIFF TO SUBPOENA DOCUMENTS FOR DEFENDANT AND BRIEF

NOW COMES Defendant, by and through his attorney, Joseph Falcone, and for his Motion TO Require the Plaintiff to Subpoena Documents for Defendant, states as follows:

1. Plaintiff has indicated that it intends to introduce into evidence, either directly or in a summary, records from the State of Michigan that shows the number of prescriptions, along with all of the associated information, such as the type of drug prescribed, the date of the prescription and the patient, as well as identifying the pharmacy that filled the prescription.  These

records cover mid-2010 through the end of 2012, and cover approximately 24,000 prescriptions.

2. Defendant has filed a motion in limine seeking to exclude this evidence.

3. However, in case the court allows such evidence, Defendant has subpoenaed the State of Michigan, Department of Licensing and Regulatory Affairs, Health Investigations Division, asking for the same type of information, but specifically for:

a. For the years January 1, 2010, through December 31, 2021, for Peter Raymond Nwoke, 511 Saddle Lane, Grosse Pointe Woods, MI 48236, SSN 252 83 7026, DOB 7/5/1975, Provide a detailed history of all controlled substance prescriptions written by Peter Raymond Nwoke during the period 1/1/2010 to 12/31/2021, including Patient name, Date of Birth, address associated with each prescription, the date on which each prescription was submitted to the pharmacy and the pharmacy at which each prescription was filled.

b. For the years January 1, 2010, through December 31, 2012, for Carmen Laura Cardona, M.D., aka Carmen Laura Cardona-Ortiz, M.D., Provide a detailed history of all controlled substance prescriptions written by Carmen Laura Cardona, M.D., during the period 1/1/2010 to 12/31/2012, including

    Patient name, Date of Birth, address associated with each prescription, the date on which each prescription was submitted to the pharmacy and the pharmacy at which each prescription was filled.  Dr. Cardona has or had an address at Sunrise Medical Services, PC, 989 University Drive, Suite 102, Pontiac, MI 48342.

   c.  For the years January 1, 2010, through December 31, 2021, for Carlton Dawes, N.P, , Provide a detailed history of all controlled substance prescriptions written by Carlton Dawes, N.P., during the period 1/1/2010 to 12/31/2012, including Patient name, Date of Birth, address associated with each prescription, the date on which each prescription was submitted to the pharmacy and the pharmacy at which each prescription was filled.  Carlton Dawes, N.P., has a business, Senior Visits, LLC, at 1500 N Stephenson Highway Royal Oak, Michigan 48067

4. The information would be relevant in that it would show that Dr. Cardona and Carlton Dawes, who worked with Defendant at his medical practice, also visited patients at the same locations and wrote prescriptions.  This would tend to show that many of the patients received the same types of prescriptions and would discredit the government's claim that all of Defendant's prescriptions were written in return for cash payments from

3

drug dealers. It would also show that Defendant, who is a pain management doctor, would consistently, up through 2021, write the type of prescriptions that the government claims were only written for drug dealers.

5. The State of Michigan has refused to produce the documents, citing MCL 333.7333a(2) and stating in an email to Defendant's counsel:

> I am responding on behalf of the Bureau of Professional Licensing to your subpoena in the above named matter. First, you have asked for records of "all prescriptions *written*" by the named providers. The Bureau does not maintain such records. To the extent you are looking for the Michigan Automated Prescription System reports—those are based on prescriptions dispensed either by the prescriber or a pharmacy. However, assuming that is what you are requesting, those records are protected under the Michigan Public Health Code and the Bureau is prohibited from releasing them except under limited circumstances. It is unclear from your request whether any of the circumstances outlined in MCL 333.7333a(2) apply to this case. Therefore, the Bureau is prohibited from releasing the requested reports at this time. (Email from Bridget Smith,

Michigan Assistant Attorney General to Defendant's counsel, March 31, 2022.

6. Defendant's counsel has tried to have the State change its mind, but so far it refuses to release the documents because Defendant is not a government agency.

7. This court should order that the Government request the documents so that Defendant may use them in trial.

8. Defendant has requested consent from the government for the relief prayed for in this motion, but it has not been given.

WHEREFORE, it is prayed that this motion be granted.

Respectfully Submitted,

Dated: August 30, 2022,     By: /s/ Joseph Falcone

Joseph Falcone (P25727)
Attorney for Defendant
3000 Town Center, Ste. 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com

BRIEF

According to Fed. R. Crim. Pro. 16(d), the Court may grant appropriate relief for discovery matters. Under Rule 106 of the Federal Rules of Evidence, a party can be compelled to introduce the complete record.

In the present situation, the Government obtained information from the State of Michigan regarding prescriptions written by the Defendant. Under MCL 333.7333a the State is not allowed to disclose documents, except in certain instances, one of which is to "A state, federal, or municipal employee who is the holder of a search warrant or subpoena properly issued for the records." MCL 333.7333a(2)(e).

Defendant has attempted to argue with the State that a subpoena from a U.S. District Court meets that requirement, but so far the State is not agreeing with that argument.

It is unfair that the Government in this case has obtained information that it wants to introduce (over the objection of Defendant), but Defendant is unable to supplement with other information that could be considered relevant if the court

allows the Government's original information into evidence. Federal Rule of Evidence 106 requires that if a party introduces all or part of a writing, an adverse party may require the introduction of any other part or any other writing that in fairness ought to be considered at the same time. Only the Government can obtain the rest of the records under the state law.

The State keeps records of every prescription written for controlled substances. The Government in this case, has only requested from the State the prescriptions that Defendant wrote. But, it would be unfair just to have that part of the States' records introduced into evidence as it makes it look like Defendant was writing more prescriptions than others and was only writing controlled substances prescriptions. If the Government is allowed to introduce its evidence, over Defendant's Motion in Limine, then this Court should order than under Federal Rule 106, that the Government be required to introduce the rest of the State's records, or at least the parts that Defendant believes in fairness should be introduced under Rule 106. The Government's introduction of its selected records creates a misleading impression by taking matters out of context.

Make no mistake; Defendant does not believe that evidence of the number of prescriptions he has written in relevant. But, if the Court holds that it is and that the Government can use that evidence, then Defendant should be permitted to have

access to the same type of information.  Unfortunately, State law only allows this information to be given to government employees, not Defendants. Therefore, the Government should seek that information and give it to the Defendant.

## Conclusion

The Government should be ordered to subpoena the other important records or its introduction of the records of prescriptions should be denied.

                                                    Respectfully Submitted,

Dated:   August 30, 2022            By: /s/ Joseph Falcone

                                                    Joseph Falcone (P25727)
                                                    Attorney for Defendant
                                                    3000 Town Center, Ste. 2370
                                                    Southfield, MI 48075
                                                    248-357-6610
                                                    jf@lawyer.com