ATTACHMENT A

# Michigan Department of Licensing and Regulatory Affairs

## Filing Endorsement

This is to Certify that the ARTICLES OF INCORPORATION - PC

for

DIVINE MEDICAL CENTER, P.C.

ID NUMBER: 04617F

received by facsimile transmission on August 6, 2012 is hereby endorsed

Filed on August 6, 2012 by the Administrator.

The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 6TH day of August, 2012.

Director

Bureau of Commercial Services

Sent by Facsimile Transmission 12219

GOVERNMENT EXHIBIT 10

NWOKE_01342 001

08/06/2012 11:18 The Health Law Partners (FAX)248 996 8525 P.002/005

AUG-05-2012 23:07 DIVINE MEDICAL 2486249810 P.02

BCS/CD-501 (Rev. 04/11)

## MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
## BUREAU OF COMMERCIAL SERVICES

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
| | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document. |

Name: Clinton Mikel
Address: 29566 Northwestern Hwy. Ste. 200
City: Southfield  State: MI  ZIP Code: 48034

EFFECTIVE DATE:

Document will be returned to the name and address you enter above. If left blank, document will be returned to the registered office.

### ARTICLES OF INCORPORATION
### For use by Domestic Profit Professional Service Corporations
(Please read information and instructions on the last page)

Pursuant to the provisions of Act 192, Public Acts of 1962, as amended the undersigned corporation executes the following Articles:

**ARTICLE I**

The name of the corporation is:
Divine Medical Center, P.C.

**ARTICLE II**

The corporation is organized for the sole and specific purpose of rendering the following professional service(s):
Medical Doctor Services

**ARTICLE III**

The total authorized shares:

1. Common Shares 50,000

   Preferred Shares _____

2. A statement of all or any of the relative rights, preferences and limitations of the shares of each class is as follows:

**ARTICLE IV**

1. The name of the resident agent at the registered office is: Carmen Cardona, M.D.

2. The street address of the location of the registered office is:
   901 West Grand Blvd.   Detroit   , Michigan   48208
   (Street Address)        (City)                  (Zip Code)

3. The mailing address of the registered office, if different than above:
   PO Box 806464   St. Clair Shores   , Michigan   48080
   (Street Address or P.O. Box)   (City)              (Zip Code)

08/06/2012 12:25PM (GMT-04:00)

NWOKE_01343
002

08/06/2012   11:18 The Health Law Partners                                (FAX)248 996 8525         P.003/005

-AUG-05-2012   23:07         DIVINE MEDICAL                                    2486249810           P.03

## ARTICLE V

The name(s) and address(es) of the incorporator(s) is (are) as follows:

| Name | Residence or Business Address |
|---|---|
| Carmen Cardona, M.D. | 901 West Grand Blvd. Detroit, MI 48208 |

## ARTICLE VI (Optional, Delete if not applicable)

When a compromise or arrangement or plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them or between this corporation and its shareholders or any class of them, a court of equity jurisdiction within the state, on application of this corporation or of a creditor or shareholder thereof, or an application of a receiver appointed for the corporation, may order a meeting of the creditors or class of creditors or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or reorganization, to be summoned in such manner as the court directs. If a majority in number representing 3/4 in value of the creditors or class of creditors, or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or a reorganization, agree to a compromise or arrangement or a reorganization of this corporation as a consequence of the compromise or arrangement, the compromise or arrangement of the reorganization, if sanctioned by the court to which the application has been made, shall be binding on all the creditors or class of creditors, or on all the shareholders or class of shareholders and also on this corporation.

## ARTICLE VII (Optional, Delete if not applicable)

Any action required or permitted by the Act to be taken at an annual or special meeting of shareholders may be taken without a meeting, without prior notice, and without a vote, if consents in writing, setting forth the action so taken, are signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take the action at a meeting at which all shares entitled to vote on the action were present and voted. A written consent shall bear the date of signature of the shareholder who signs the consent. Written consents are not effective to take corporate action unless within 60 days after the record date for determining shareholders entitled to express consent to or to dissent from a proposal without a meeting, written consents dated not more than 10 days before the record date and signed by a sufficient number of shareholders to take the action are delivered to the corporation. Delivery shall be to the corporation's registered office, its principal place of business, or an officer or agent of the corporation having custody of the minutes of the proceedings of its shareholders. Delivery made to a corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

Prompt notice of taking of the corporate action without a meeting by less than unanimous written consent shall be given to shareholders who would have been entitled to notice of the shareholder meeting if the action had been taken at a meeting and who have not consented to the action in writing. An electronic transmission consenting to an action must comply with Section 407(3).

08/06/2012   12:25PM (GMT-04:00)

NWOKE_01344
003

08/06/2012  11:19 The Health Law Partners                               (FAX)248 996 8525          P.004/005
AUG-06-2012  23:08        DIVINE MEDICAL                                2486249810          P.04

## ARTICLE VIII

This corporation fully complies with the Professional Service Corporation Act. All shareholders are duly licensed or otherwise legally authorized to render one or more of the professional service(s) for which this corporation is organized, unless otherwise provided in Section 4 of the Act.

Use space below for additional Articles or for continuation of previous Articles. Please identify any Article being continued or added. Attach additional pages if needed.

Article VIII

To the full extent permitted by the Michigan Business Corporation Act or any other applicable laws presently or hereafter in effect, no director of the corporation shall be personally liable to the corporation or its shareholders for or with respect to an acts or omissions in the performance of his or her duties as a director of the corporation. Any repeal or modification of this Article VIII shall not adversely affect any right or protection of a director of the corporation existing immediately prior to, or for or with respect to any acts or omissions occurring before, such repeal or modification.

I, (We), the incorporator(s) sign my (our) name(s) this ___6th___ day of ___August___ 2012

X _[signature]_

08/06/2012  12:25PM (GMT-04:00)

NWOKE_01345
004

## DECLARATION

I, Dr. Carmen Cardona, declare and state the following:

1. I am a medical doctor licensed in the state of Michigan and can read and write in English.

2. I have reviewed the four-page document attached to this declaration and marked as Government Exhibit 10, the beginning of which reads:

   "Michigan Department of Licensing and Regulatory Affairs Filing Endorsement . . . This is to Certify that the ARTICLES OF INCORPORATION – PC for DIVINE MEDICAL CENTER, P.C. . . . ID NUMBER: 04617F . . . received by facsimile transmission on August 6, 2012 is hereby endorsed Filed on August 6, 2012 by the Administrator."

3. I did not incorporate Divine Medical Center, P.C., despite what is reflected in the document marked as Government Exhibit 10 on pages 3 and 4.

4. I have never had an ownership interest in Divine Medical Center, P.C.

5. I did not hire anyone from The Health Law Partners to incorporate Divine Medical Center, P.C.

6. I did not hire Attorney Clinton Mikel to incorporate Divine Medical Center, P.C.

7. I did not hire Attorney Clinton Mikel to incorporate any business.

8. I did not hire Attorney Clinton Mikel or The Health Law Partners to submit incorporation documents for Divine Medical Center, P.C., to the Michigan Department of Licensing and Regulatory Affairs.

9. I did not attend any meeting with Attorney Clinton Mikel present at which the formation or incorporation of Divine Medical Center, P.C., was discussed.

1

10. Attorney Clinton Mikel was not, is not, and has never been my attorney.

11. I waive any right to secrecy, confidentiality, and/or attorney-client privilege I have with Attorney Clinton Mikel concerning Divine Medical Center, P.C., Divine Medical Care P.C., Divine Medical Services P.C., City Medical Care P.C., and any other medical practice.

12. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Dated: 11/28/2023
8:30 AM

Dr. Carmen Cardona (Declarant)

2