UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER RAYMOND NWOKE,

    Defendant.

Case No. 18-cr-20686
Hon: Denise Page Hood

| CARL D. GILMER-HILL | DAVID S. STEINGOLD (P29752) |
|---|---|
| United States Attorney's Office | Law Offices of David S. Steingold PLLC |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 500 Griswold, Suite 2320 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9585 | (313) 962-0000 |
| Carl.gilmer-hill@usdoj.gov | detroitdefender@yahoo.com |

**DEFENDANT'S ANSWER TO GOVERNMENT'S MOTION REQUESTING ATTORNEY TESTIMONY AND PRODUCTION OF DOCUMENTS**

The government is attempting to prove claims of perjury and attempted obstruction of justice in a case where neither are alleged in the Indictment. It seeks to impeach Dr. Nwoke's testimony in the government's case-in-chief, but the information the government seeks from Attorney Mikel is not relevant to Dr. Nwoke's current charges.

I. **The information the government seeks is not relevant to whether Dr. Nwoke committed the charged offenses.**

The sought information does not relate to whether Dr. Nwoke intentionally signed a false income tax statement or failed to pay amounts due to the IRS. It is not 404(b) evidence. Dr. Nwoke's alleged false testimony regarding a meeting or providing a document, does not make any of the charged counts more

likely to have been committed. While the evidence may be proper for impeaching Dr. Nwoke's testimony on cross-examination or rebuttal, it is not proper in the case in chief, as at this point it is simply not relevant.

This is not the case of *United States v. Collis*, 128 F.3d 313 (6th Cir. 1997), where Collis lied to investigators and his attorney's testimony was relevant to prove that lie. He was charged with perjury after using his lawyer to file forged letters at his supervised released hearing. At this point, Dr. Nwoke is not charged with perjury or attempted obstruction of justice, so whether he was untruthful in his earlier testimony is not relevant to these charges. Nothing the government seeks to ascertain from Mr. Mikel would show the underlying issue of who owned Divine Medical Center.

The identity of Attorney Mikel's client is not relevant to whether Dr. Nwoke falsified tax documents or failed to pay the correct amount of money to the IRS. It does not prove who owned Divine Medical Center.

Attorney Mikel's roles, duties, or responsibilities related to Divine Medical Center, P.C., are also irrelevant. The purpose for which he was retained does not make it more or less likely that Dr. Nwoke committed these offenses. The evidence already shows that Attorney Mikel's role was to file the LARA documents, given that he filed the registration documents.

The identity of the person who sent the LARA documents to Attorney Mikel is not relevant either. The fax number from which the documents were sent is on the header of the documents. It is undisputed that Dr. Cardona worked with Dr. Nwoke.

Attorney Mikel cannot say for certain who sent the fax unless he witnessed it, or had a conversation with his client about the fax, which would be privileged. The relevant inquiry is not who sent the documents to Attorney Mikel, but who *prepared* the documents and instructed Attorney Mikel to file it with LARA. Knowing who sent the documents does not show who owned Divine Medical Center, particularly because the government has already shown that the documents were faxed from Dr. Nwoke's office. ECF No. 122, PageID.3034. Without testifying about a conversation with his client, which breaks the attorney-client privilege, Attorney Mikel is unlikely to be able to say conclusively who prepared the documents, if he even knows.

The Michigan Rules of Professional Conduct provide that a lawyer is permitted to testify to confidences and secrets to the extent reasonably necessary to rectify the consequences of a client's fraudulent act in the furtherance of which the lawyer's services have been used. MRPC 1.6(c)(3). However, whether there was a fraudulent act is contested in this case. The fraudulent act here depends on whether Dr. Cardona believed that she was agreeing to own a company other than Divine Medical Center, which cannot be established by Attorney Mikel's testimony. Even if the government asked Attorney Mikel if he knew who sent the documents to him, it does not answer the question of whether Dr. Nwoke "switched" the document and affixed Dr. Cardona's signature page without her consent. This contested issue of credibility should be decided by a jury.

II. **The government is attempting to obtain this information to prove uncharged conduct, and it has other means to obtain the information it seeks.**

The government has suggested to counsel that it intends to charge Dr. Nwoke with perjury, though a superseding indictment including this allegation has not yet been filed. The government's goal seems to be proving whether Dr. Nwoke made a false statement in his prior testimony, not whether he deliberately failed to declare his income or failed to pay an amount knowingly due and owing to the IRS.

It is evident that the government wants to show Dr. Nwoke committed perjury during his testimony in the first trial. Specifically, the government claims he lied when he testified that Dr. Cardona hired Attorney Mikel and that he lied about a meeting with Dr. Cardona, Attorney Mikel, and others. The government can ask, and did ask, Dr. Cardona if she retained Attorney Mikel. The government can ask Dr. Cardona, her sister, or her daughters if they recall the meeting mentioned by Dr. Nwoke and what was discussed at that meeting. Attorney Mikel can be asked whether he recalls the meeting and, since other people were alleged to have attended besides Dr. Cardona or Dr. Nwoke, no privilege applies. All of this can be done without requiring Attorney Mikel to testify about facts that are not relevant to these charges.

Certainly, the Court is mindful of the issues in this case, having presided over the first trial. The government alleges that Dr. Nwoke deliberately falsified his income tax returns and deliberately failed to pay amounts he knew he owed to the IRS. Compelling an attorney to discuss their representation should be avoided at all costs. In light of the evidence the government has at its disposal, it does not need to

invade the attorney-client relationship, the invasion of which is neither proper nor necessary.

WHEREFORE, for all of these reasons, Dr. Nwoke is requesting the Court order that Mr. Mikel can be questioned about whether he attended a meeting with Dr. Cardona, Dr. Nwoke, and others, and only in its rebuttal – not in its case-in-chief.

Respectfully submitted,

/s/David S. Steingold
**DAVID S. STEINGOLD (P29752)**
Attorney for Defendant
500 Griswold Street, Suite 2320
Detroit, Michigan 48226
(313) 962-0000 (phone)
(313) 962-0766 (fax)
detroitdefender@yahoo.com

Dated: January 12, 2024

---

**PROOF OF SERVICE**

I hereby certify that on January 12, 2024, I filed the foregoing paper with the Clerk of the Court via Pacer.

/s/ David S. Steingold
David S. Steingold