United States District Court
Eastern District of Michigan
Southern Division

United States of America,
    Plaintiff,

v.

Peter Nwoke,
    Defendant,

No. 18-cr-20686

Hon. Denise Page Hood

**Government's Reply to Defendant's Answer Opposing Court Order for Attorney Testimony and Production of Documents**

The government has moved *in limine* for a court order compelling attorney testimony and the production of documents related to the formation, incorporation, registration, and management of Divine Medical Center, P.C. - - a medical practice incorporated and registered with the state of Michigan in the name of Dr. Carmen Cardona that Dr. Cardona denies incorporating or registering, and that had a banking account over which only Defendant Dr. Peter Nwoke had control and the authority to sign checks, make withdrawals, and direct distributions.

Pertinently, Divine Medical Center, P.C., received substantial Medicare payments, cash deposits, and other income. It also made income distributions in tax years 2012 and 2013 that were neither included nor reflected on Dr. Nwoke's corresponding tax returns and, at least in part, occurred after Dr. Cardona had ceased working for Dr. Nwoke.

Defendant has filed a response opposing the government's motion for testimony and information from Attorney Clinton Mikel, an attorney who participated in the formation, incorporation and/or registration of the medical practice, as well as, according to Dr. Nwoke's prior trial testimony, in the management of the medical practice. Defendant centers his opposition on grounds of relevance.

As a subsidiary argument, defendant also opposes the introduction of testimony and information from Attorney Mikel because, according to defendant, at most, the attorney's testimony and information would only relate to irrelevant, uncharged bad conduct, impliedly in violation of Federal Rule of Evidence 404(b).

Defendant neither alleges nor asserts the existence of any privileged relationship with Attorney Mikel.

## ARGUMENT

I. <u>The testimony and information sought from Attorney Mikel is relevant.</u>

Fed. R. Evid. 401 provides that evidence is relevant if:

    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

    (b) the fact is of consequence in determining the action.

"The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009), citing, *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir.2006). "'[E]vidence having *any*

2

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting Fed. R. Evid. 401). A "fact of consequence" under Rule 401 is not limited to the ultimate issue or elements in a case. Instead, a fact of consequence can be any step along a path of inference that leads to an "ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997).

The full and accurate identification of Dr. Nwoke's sources and amounts of income (both legitimate and illegitimate), and whether it was intentionally underreported by Dr. Nwoke on his tax returns is a critical, core issue relative to each of the six counts in defendant's indictment. Each aspect - - source, amount, and whether it was reported - - is a fact of consequence, and uncovering each of Dr. Nwoke's identifiable sources of income is a step along a path of inference showing that Dr. Nwoke understated his income on his tax returns.

Correspondingly, whether Dr. Nwoke actively took steps to conceal *any* of the sources or amounts of income that he received is also a fact of consequence, and is relevant to show knowledge, willfulness, and intent.

Testimony and documents related to the formation, incorporation, registration, and management of Divine Medical Center, P.C, will tend to show who, in fact, exercised ownership, dominion, and control over the medical practice

3

as a source of income and income distributions - - and whether, and to what extent, it was a source of income for Dr. Nwoke.[1] That, alone, makes the presently requested testimony and documents sufficiently relevant to overcome defendant's opposition. "To be relevant, evidence need not conclusively decide the issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey,* 748 F.3d 310, 316 (7th Cir. 2014).

Meanwhile, it does not matter, under Rule 401, that there are "evidentiary route[s] to the ultimate fact" other than the one presented by a proponent of evidence, *see*, *Old Chief*, 519 U.S. at 179 (evidentiary relevance not affected by the availability of alternative proofs), and "facts of consequence" include reasonably anticipated defenses. *See*, *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007) ("Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense").

Information and testimony about *who* hired and provided Attorney Mikel the registration paperwork filed to incorporate Divine Medical Center, P.C., and who hired and assigned Attorney Mikel any duties to perform in the management of Divine Medical Center, P.C., will tend to *prove* who exercised actual dominion and

---

[1] As reflected in Govt. Trial Exh. 44 within text on page 1115 and handwritten notes at the bottom of page 1121, Dr. Nwoke's tax preparers were led to believe that Divine Medical Center, P.C. "had no income for Nwoke" and that "Devine Medical Center [was] not his in 2013."

4

control over the medical practice and its assets, regardless of whose name was listed on the registration documents.

Meanwhile, information and testimony about *how* Attorney Mikel received the registration paperwork for Divine Medical Center, P.C., that was, in turn, publicly filed, as well as instructions and communications provided to Attorney Mikel about the delivery, handling, and transmission of the paperwork, will tend to show whether intentional deception was involved, and directly bear on proving knowledge, willfulness, and intent.

Though the sought after information and testimony on these points may not prove an ultimate issue or element in the case against Dr. Nwoke conclusively, each point relates to a fact of consequence and is relevant.

Equally, information and testimony concerning substantive communications with Attorney Mikel about the formation, incorporation, registration, and management of Divine Medical Center, P.C., is also relevant. Its admission, too, will tend to prove ownership and control over the medical practice and whether deception was involved.

Lastly, as to both Dr. Nwoke and Dr. Cardona, any attorney-client privilege that might have existed concerning such relevant, substantive communications with Attorney Mikel about the formation, incorporation, registration and management of Divine Medical Center, P.C., has been waived.

II.  <u>The testimony and information sought from Attorney Mikel is not offered for an improper purpose.</u>

Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that, on a particular occasion, the person acted in accordance with his character. Fed. R. Evid. 404(b)(1).

The purpose of Rule 404(b)(1) is to prevent a jury from "convict[ing] a 'bad man' who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds" and from "infer[ing] that because the accused committed other crimes, he probably committed the crime charged." *United States v. Emmons*, 8 F.4th 454, 473 (6th Cir. 2021) (quoting, *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979)).

There are recognized exceptions to this rule, however. *Id.*, citing, Fed. R. Evid. 404(b)(2). Among them, "other act" evidence is expressly admissible under Federal Rule of Evidence 404(b)(2) to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); Fed. R. Evid. 404(b)(2).

Pointedly, under Rule 404(b)(2), the government may "introduce evidence of 'other crimes, wrongs, or acts' committed by the defendant so long as the evidence is not used merely to show propensity, and if it 'bears upon a relevant issue in the case.'" *United States v. Clay*, 667 F.3d 689, 693-94 (6th Cir. 2012) (quoting, *United States v. Hardy*, 228 F.3d at 750).

6

To the extent the testimony and information sought from Attorney Mikel disclose past deceptions by Dr. Nwoke concerning the formation, incorporation, registration, and management of Divine Medical Center, P.C., those deceptions will *tend* to prove that any other acts of concealment by Dr. Nwoke about income he received from Divine Medical Center, P.C., (as well as his other medical practices), were knowing, willful, intentional, and not a mistake or accident, and will bear directly upon relevant issues in the case uncovering Dr. Nwoke's identifiable sources of income - - and, if further borne out by Attorney Mikel's testimony, those same results will follow for any deceptive statements Dr. Nwoke made under oath about Divine Medical Center, P.C., in his original trial.

Under Federal Rule of Evidence 404(b)(2), when the introduction of other acts evidence is offered for more than to show propensity and bears upon a relevant issue to "prov[e] . . . *opportunity, intent, preparation, . . . knowledge, . . . absence of mistake, or lack of accident*," it is offered for a proper purpose. 667 F.3d at 693-94; Fed. R. Evid. 404(b)(2).

The testimony and information sought from Attorney Mikel about the formation, incorporation, registration, and management of Divine Medical Center, P.C., is both relevant and offered for a proper purpose -- to help identify and prove who exercised ownership, dominion, and control over the medical practice as a

7

source of income and income distributions, and whether, and to what extent, it was a source of income and income distributions for Dr. Nwoke.

If the testimony and information sought from Attorney Mikel on these points simultaneously reveals past deceptions and "bad acts" by Dr. Nwoke concerning Divine Medical Center, P.C., neither the relevance nor propriety of the testimony and information will lessen. Rather, each will only be increased.

## CONCLUSION

Defendant's opposition and objection to the government's motion on grounds of relevance and improper purpose should be overruled.

The testimony and production of documents sought from Attorney Mikel are relevant, offered for a proper purpose, and potentially dispositive of key aspects of this long-pending litigation. Prompt, joint receipt and review of the sought after information and eventual testimony by the parties well in advance of trial would not only permit appropriate time to fully consider and incorporate the information and anticipated testimony into the parties' respective trial strategies and courtroom presentations, but would also serve the efficient use of judicial resources.

Accordingly, the Court should immediately issue an order compelling Attorney Mikel's testimony and production of documents related to the formation, incorporation, registration, and management of Divine Medical Center, P.C., for the parties' joint receipt, review, consideration, and preparation in advance of trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Carl D. Gilmer-Hill*
CARL D. GILMER-HILL
Assistant United States Attorney

Dated: January 19, 2024