**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

    Plaintiff,

v.

                              No. 18-cr-20686

                              Hon. Denise Page Hood

Peter Nwoke,

    Defendant,

---

**Stipulation to Reschedule Plea Cutoff, Pretrial Conference, and Trial Dates, Toll Speedy Trial Act, and Find Excludable Delay**

---

    Through their respective counsel, the parties stipulate and agree to extend dates in this case as outlined below. The parties state that additional time is necessary to permit reasonable time necessary for each of the parties to effectively prepare for trial taking into account the exercise of due diligence, including consideration of the voluminous number of documents for review; as well as, if determined appropriate, sufficient time to permit counsel to fairly and satisfactorily pursue plea negotiations in advance of trial.

    The parties thus ask and agree to adjourn trial by roughly 60 days from the previously scheduled trial date and to reschedule trial to occur *on or after approximately* April 2, 2024, at 9:00 a.m., or as soon thereafter as the Court's

schedule permits. They correspondingly ask to reset plea cut-off and final pretrial conference dates to occur on <u>March 26, 2024 at 2:00 p.m.</u> The parties agree that the period of time from the previously scheduled trial date of January 30, 2024 until the presently rescheduled trial date should be deemed excludable delay.

At the request of the parties, this matter is now before the Court for an Order providing a determination regarding excludable delay. In support of that request, the parties stipulate that the requested additional period for counsel to jointly prepare for trial and, if determined appropriate and defendant seeks to pursue them, engage in plea negotiations between the government and the defendant, should be excluded from Speedy Trial Act calculations as an ends-of-justice continuance within the meaning of Title 18, United States Code, Section 3161(h)(7)(A), *see, United States v. White*, 920 F.3d 1109, 1115 (6th Cir. 2019), and therefore the period from the previously set trial date until the presently set trial date should be excluded in calculating the time within which trial must commence under the Speedy Trial Act.

The parties further stipulate that any and all delay attributable to the adjournment and rescheduling of these dates is excludable delay for the purposes of speedy trial computations, and shall be excluded from calculations under the

2

Speedy Trial Act pursuant to Title 18, United States Code, Section 3161, on the basis that the delay was and is attributable to:

(1) the need to permit counsel reasonable time necessary to effectively prepare for trial taking into account the exercise of due diligence;

and on the further basis that,

(2) the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial, particularly inasmuch as, taking into account due diligence, the instant period of excludable delay will allow the parties reasonable time necessary for effective trial preparation upon the conclusion of any plea negotiations and the litigation of any additional pretrial motions, *if permitted*, and will serve considerations of judicial economy and the public interest.

The parties therefore stipulate and ask that the Court grant a continuance of the trial date, plea cut-off date, and final pretrial conference date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv).

**IT IS SO STIPULATED.**

Respectfully submitted,

| | |
|---|---|
| s/*Carl D. Gilmer-Hill* | s/*David S. Steingold (by consent)* |
| CARL D. GILMER-HILL (CA 161939) | DAVID S. STEINGOLD (P29752) |
| Assistant United States Attorney | Attorney for Defendant Peter Nwoke |
| 211 W. Fort Street, Suite 2001 | 500 Griswold Street, Suite 2320 |
| Detroit, MI  48226 | Detroit, MI  48226 |
| (313) 226-9585 | (313) 962-0000 |
| Carl.Gilmer-Hill@usdoj.gov | detroitdefender@yahoo.com " |

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

    Plaintiff,

                                                                        No. 18-cr-20686

v.

                                                                       Hon. Denise Page Hood

Peter Nwoke,

    Defendant,

---

**Order Rescheduling Plea Cutoff, Pretrial Conference, and Trial Dates, Tolling Speedy Trial Act, and Finding Excludable Delay**

---

    The Court has considered the parties' stipulation and request to adjourn and reschedule the plea cut-off, final pretrial conference, and trial dates, and for a finding that the time period from *January 30, 2024* to the new trial date of *April 2, 2024* qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuances outweigh the best interests of the public and the defendant in a speedy trial and that

4

the time from <u>*January 30, 2024*</u> to a new trial date of <u>*April 2, 2024*</u> qualifies as excludable delay under § 3161(h)(7).

Specifically, the Court finds that:

- The requested, stipulated adjournment was and is attributable to the need to permit counsel reasonable time necessary to effectively prepare for trial taking into account the exercise of due diligence;

- The delay is also attributable to a stipulated request by the parties for time to conduct plea negotiations between the government and the defendant if determined appropriate and defendant seeks to pursue them, and thus, is a stipulated ends-of-justice continuance within the meaning of Title 18, United States Code, Section 3161(h)(7)(A), *see, United States v. White*, 920 F.3d 1109, 1115 (6th Cir. 2019);

and that,

- The ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial, particularly inasmuch as, taking into account due diligence, the instant period of excludable delay will allow the parties reasonable time necessary for effective trial preparation, including upon the conclusion of any plea

5

negotiations, and will serve considerations of judicial economy and the public interest.

IT IS THEREFORE ordered that the time from *January 30, 2024* until the new trial date of *April 2, 2024* shall be deemed excludable for purposes of the Speedy Trial Act, Title 18, United States Code, Section 3161 et seq., and further, shall specifically constitute excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv), because the Court finds that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that a *plea cut-off and final pretrial conference* date is scheduled for   *March 26, 2024 at 2:00 p.m.*   and the **trial date** in this case is scheduled for *April 2, 2024 at 9:00 a.m.*

s/Denise Page Hood
United States District Judge

Entered:  January 29, 2024

6