UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Criminal Case No. 2:18-cr-20686

PETER NWOKE,                    Honorable Denise Page Hood

    Defendant.

| Carl Gilmer-Hill | David S. Steingold (P29752) |
|---|---|
| Assistant United States Attorney | Attorney for Defendant |
| United States Attorney's Office | Law Offices of David S. Steingold, PLLC |
| 211 W. Fort Street, Suite 2001 | 30300 Northwestern Highway, Suite 111 |
| Detroit, MI 48226 | Farmington Hills, MI 48334 |
| (313) 226-9585 | (313) 962-0000 |
| Carl.gilmer-hill@usdoj.gov | detroitdefender@yahoo.com |
| Robert Moran | |
| Assistant United States Attorney | |
| United States Attorney's Office | |
| 211 W. Fort Street, Suite 2001 | |
| Detroit, MI 48226 | |
| (313) 226-9553 | |
| Robert.moran@usdoj.gov | |

## MOTION IN *LIMINE*

    Now comes Defendant Dr. Peter Nwoke, by and through his attorney David S. Steingold, and for his Motion in *Limine* states to this Court as follows:

1. Dr. Peter Nwoke is charged in a Six Count Indictment with False Statements on Tax Return in violation in 26 U.S.C. § 7206(1) and Failure to Pay Income Taxes in violation of 26 U.S.C. § 7203.

1

2. The first trial in this action resulted in a mistrial. The matter is currently scheduled for trial on October 1, 2024.

3. One of the methods the Government sought to use in order to prove that Dr. Nwoke had income that was not declared on his tax forms was eliciting testimony from Marcus Jenkins, who ran an adult care facility, and claimed that Dr. Nwoke treated residents at the facility, overprescribed medications to the residents, then stole the drugs and sold them for cash. That testimony was met by defense testimony from an employee of the adult care facility, Glynis Pryor, who testified that Jenkins's statements were false.

4. The Government has now proffered discovery to the defense suggesting that a new proposed expert witness, Dr. Daniel Berland, as well as Supervisory Special Agent Peter Hayes will testify as experts into prescription drug diversion.

    a. The Curriculum Vitae of Dr. Berland is attached as **Exhibit A**. The Report of Dr. Berland is attached as **Exhibit B**.

    b. The Qualifications and Experience Report of SSA Hayes is attached as **Exhibit C**. The reports of SSA Hayes are attached as **Exhibit D**.

5. The proposed witnesses are going to testify that in their experience, the conduct they understand to have been engaged in by Dr. Nwoke was "consistent" with doctors who divert prescription drugs.

6. This testimony, if allowed, would be collateral to the issue of whether or not Dr. Nwoke received income that was not declared and made false

statements on his returns. The testimony is the exact same as this Court has seen in Healthcare Fraud cases, particularly Medicare fraud cases.

7. This is not a drug case. Nor is it a Medicare Fraud case.

8. This testimony should be disallowed by this Court under Federal Rules of Evidence 403. The evidence produced by the Government is highly prejudicial and substantially outweighs any probative value. It is designed to confuse and mislead the jury into convicting Dr. Nwoke for selling drugs, not for the alleged income he did not declare. Neither expert can testify to Dr. Nwoke actually obtaining money from selling prescription drugs.

9. Evidence that would result in collateral issues being litigated that has the substantial potential for confusing or misleading the jury should be disallowed by this Court.

WHEREFORE, for the reasons set forth herein as more fully set forth in the attached Memorandum, Defendant Dr. Peter Nwoke respectfully prays this Honorable Court rule that testimony about Healthcare Fraud or drug dealing will not be allowed at the retrial of this case.

Respectfully submitted,

/s/David S. Steingold  
David S. Steingold (P29752)  
Attorney for Defendant  
Law Offices of David S. Steingold, PLLC  
30300 Northwestern Highway, Suite 111  
Farmington Hills, MI 48334  
Detroit, Michigan 48226  
(313) 962-0000  
detroitdefender@yahoo.com  

Dated: July 23, 2024

3

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  Criminal Case No. 2:18-cr-20686

PETER NWOKE,                                                                      Honorable Denise Page Hood

    Defendant.

---

### MEMORANDUM IN SUPPORT OF MOTION IN *LIMINE*

The first trial in this case resulted in a mistrial. Dr. Peter Nwoke is charged in a Six Count Indictment with False Statements on Tax Return in violation in 26 U.S.C. § 7206(1) and Failure to Pay Income Taxes in violation of 26 U.S.C. § 7203.

The Government's proofs took many forms. They alleged from the outset that there was income received by Dr. Nwoke that was never declared. Large cash deposits in bank accounts, approximately two dozen bank accounts in which Dr. Nwoke is at least one of the persons listed on the account that were never turned over to the IRS auditor, money allegedly derived from the sale of shipping cars from the United States to Nigeria, are just some of the ways in which the Government claims Dr. Nwoke deliberately mislead the IRS.

One other form of alleged income was the suggestion that Dr. Nwoke, who treated patients at an adult care facility and prescribed prescription medications for them, overprescribed prescription medications such as Oxycontin and Oxycodone and diverted those pills for resale on the street.

Testimony was presented from Marcus Jenkins, who ran that adult care facility, along with Melanie Dowl an employee, who made the claim that Dr. Nwoke made money selling these pills.

In response, the defense called Glynis Pryor, an employee at the facility, who claimed that Marcus Jenkins, a convicted drug dealer, was lying and that Dr. Nwoke never illegally sold any pills.

The issue during the first trial focused solely on whether or not Dr. Nwoke diverted and sold these prescription drugs. Not able to convince the jury through his testimony that there was undeclared income, the government has taken another step in preparation for the retrial.

The government has added Dr. Daniel Berland, a retired physician from the University of Michigan, to analyze the MAPs data, and testify that Dr. Nwoke's conduct in prescribing these prescription medications in the quantities and to the high percentage of patients he treated, is "consistent" with his experience of doctors who convert drugs for illegal sale.

The government has provided the defense with an eight-page document of the qualifications and experience of Supervisory Special Agent Peter Hayes of the Federal Bureau of Investigation, suggesting that he will testify to the same sort of profile. Special Agent Hayes will testify that the manner in which Dr. Nwoke prescribed prescription medications to patients was consistent, in his experience, with doctors who divert prescription medications from their patients for street sale.

5

This sort of conduct is commonly charged as Healthcare Fraud, often Medicare Fraud. It is also evidence that is typically used by the government when prosecuting doctors for illegal drug sales. Dr. Nwoke is not charged, and has never been charged, with either of these crimes.

This evidence is collateral. It is speculative whether or not the conduct to which these two individuals are expected to testify, actually resulted in income that was not declared. The attempt is to suggest Dr. Nwoke is a drug dealer without any direct proof. Not a single witness who was a patient of Dr. Nwoke testified at the first trial and none are listed in this trial to testify that they did not receive the prescriptions that were written for them, or that any drugs had been diverted from them. At the first trial, testimony was elicited that no past patients of Dr. Nwoke were interviewed.

Evidence that would result in collateral issues being litigated can be excluded by this Court. *United Staes v. Kahn*, 508 F.3d 413, 417 (7th Cir. 2007).

Also relevant to this Court's discretion to prevent this sort of testimony is Federal Rules of Evidence 403, which disallows prejudicial testimony that is substantially outweighed by the unfair prejudice to the defendant. FRE 403 is meant to prohibit confusing or misleading the jury with bad acts whose relevance is substantially outweighed by the unfair prejudice. The testimony of the proposed witnesses amounts to vouching for the credibility of Marcus Jenkins.

This is not just an issue about whether this evidence is relevant, but also whether it is material and whether or not it is collateral to the issues that need to be

6

decided by the jury. It is attempting to show Dr. Nwoke is guilty of other crimes for which he is not charged, including Healthcare Fraud and Possession with Intent to Distribute a Controlled Substance. The overwhelming prejudice of this testimony cannot be overemphasized.

If this testimony is allowed, counsel for the defense will be requesting this Court for a significant delay in order to find experts to meet this collateral testimony.

The plain reason why it is collateral is that neither of the proposed witnesses can testify that there was any drug money obtained by Dr. Nwoke that was not declared. All they are expected to testify to is that his conduct is consistent with persons who have done exactly what Dr. Nwoke is not charged with. It has the significant potential and almost certainly will confuse and mislead the jury into thinking that Dr. Nwoke was drug dealing and engaging in Healthcare Fraud.

None of the proffered evidence is likely to make a fact of consequence more or less probable. Rather than produce witnesses to testify that undeclared income was received by Dr. Nwoke, this testimony is to suggest that Dr. Nwoke is a drug dealer and a serial defrauder of Medicare.

It is an especially prejudicial testimony in light of the lack of any witness who claims to have actually not received their prescription medication or from anyone who admits to allowing Dr. Nwoke to sell their prescription medications. There is not a single patient who testified at the first trial that their prescription medications were diverted.

This Court has wide discretion under FRE 403 to admit or exclude evidence. *United States v. Hans*, 738 F.2d 88, 91 (3rd Cir. 1984). This Court can and should find that the proffered testimony is unfairly prejudicial. Expert testimony is an example of evidence that might be excluded on the basis that the jury might be confused or mislead, since courts have long recognized that juries can have trouble determining how much weight to give expert testimony. See e.g. *United States v. Burrous*, 934 F. Supp. 525, 526 (EDNY, 1996). Evidence that could result in collateral issues being litigated could be excluded. *United Staes v. Kahn*, 508 F.3d 413, 417 (7th Cir. 2007). Testimony about the structure and methods of drug trafficking organizations is generally excludable, except in conspiracy cases. *United States v. Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002). Evidence connecting a party with illegal narcotics is considered particularly prejudicial and is often excluded in cases involving charges other than drug trafficking. United States v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995).

The proffered evidence by the government will unduly delay the trial. It does not go to the ultimate issue of whether or not Dr. Nwoke made false statements and failed to pay his income tax. It is meant to suggest that his conduct is consistent with drug dealers and doctors who commit fraudulent acts. It is speculative because there is no definitive way to determine from the proffered witnesses' testimony that Dr. Nwoke actually sold drugs illegally.

FOR ALL OF THESE REASONS, it is respectfully requested that this Honorable Court rule that the proffered testimony of Special Agent Peter Hayes and Dr. Daniel Berland will not be admitted at the trial of the case.

                                         Respectfully submitted,

                                         /s/David S. Steingold
                                         David S. Steingold (P29752)
                                         Attorney for Defendant
                                         Law Offices of David S. Steingold, PLLC
                                         30300 Northwestern Highway, Suite 111
                                         Farmington Hills, MI 48334
                                         Detroit, Michigan 48226
                                         (313) 962-0000
Dated: July 23, 2024                   detroitdefender@yahoo.com

## CERTIFICATE OF SERVICE

     I hereby certify that on July 23, 2024, this document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties or attorneys of record.

                                         /s/David S. Steingold
                                         David Steingold
                                         Attorney for Defendant