**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PETER RAYMOND NWOKE,

      Defendant.

_____

Case No. 18-CR-20686

Honorable Denise Page Hood

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PETER RAYMOND NWOKE MOTION TO SEVER THE TAX FRAUD AND PERJURY COUNTS AND FOR RECUSUAL AS TO THE PERJURY COUNTS [ECF No. 164]**

## I.   INTRODUCTION

Before the Court is Defendant Peter Raymond Nwoke's ("Defendant") motion to sever the tax fraud and perjury counts and for recusal as to the perjury counts. [ECF No. 164]. The Government filed a response brief in opposition. [ECF No. 167]. For the reasons set forth below, Defendant's motion to sever the tax fraud and perjury counts and for recusal as to the perjury counts is granted in part and denied in part [ECF No. 164].

1

## II.   BACKGROUND

On October 11, 2018, an indictment was filed charging Defendant Peter Raymond Nwoke with: False Statement on Tax Returns, 26 U.S.C. § 7206(1) (Counts One, Two, Three, Five, Six) and Failure to Pay Income Taxes, 26 U.S.C. § 7203 (Count Four). [ECF No. 1]. The charges stem from (1) filing tax returns that underreported Nwoke's income and tax liability in tax years 2011, 2012 and 2013; and (2) failing to pay the underreported tax amounts for those same years. A jury trial was held beginning on September 20, 2022, ending in a declaration of a mistrial on October 27, 2022.

On October 8, 2025, a superseding indictment was filed charging Defendant with: False Statement on Tax Returns, 26 U.S.C. § 7206(1) (Counts One, Two, Three); Failure to Pay Income Taxes, 26 U.S.C. § 7203 (Counts Four, Five, Six); False Declaration Before a Court, 18 U.S.C. § 1623 (Counts Seven, Eight, Nine); Commission of Offense While on Bond – Sentencing Enhancement 18 U.S.C. § 1347, (Count 10). [ECF No. 163]. The charges stem from (1) filing tax returns that underreported Nwoke' income and tax liability in tax years 2011, 2012 and 2013; (2) failing to pay the underreported tax amounts for those same years; (3) knowingly causing the making of a false material declaration under oath in the United States District Court for the Eastern District of Michigan, Southern Division during the trial of *United States v. Peter Raymond Nwoke*, Case Number 18-CR-20686; and (4)

2

while out on bond pursuant to 18 U.S.C. § 3141 et seq, committing the felony offenses in Counts 7, 8, 9.

On October 19, 2025, Defendant filed a motion to sever the tax fraud and perjury counts of the superseding indictment and a motion for recusal as to the perjury counts. [ECF 164]. The Government filed a motion in opposition to Defendant's motion to sever and motion for recusal on October 23, 2025. [ECF No. 167]. A hearing was held on December 3, 2025.

## III.   APPLICABLE LAW

### A. Rule 8(a)

8(a) applies to separate counts that to be joined for trial must be "of the same or similar character, or based on the same act or transaction, or connected with or constitute parts of a common scheme or plan." The purpose of Rule 8(a) is "'to promote the goals of trial convenience and judicial efficiency.'" *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citation omitted). "Whether joinder [is] proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted). The Court has "no discretion" in granting severance "[i]f joinder of . . . multiple offenses does not comply with the requirements of Rule 8." *Id*. (citation omitted). Yet, "[i]f the offenses arise out of separate and unrelated transactions, there

3

is likely to be little savings in time and money in having a single trial." *Id*. at 460 (citation omitted).

### B. Rule 14

"Rule 14 authorizes a defendant to move for severance in situations in which joinder of multiple offenses or defendants is proper under Rule 8, but nonetheless would be prejudicial to the defendant." *Chavis,* 296 F.3d at 457 (citing *Zafiro v. United States*, 506 U.S. 534, 538, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)). Thus, "Rule 14(a) is permissive, not mandatory." *United States v. James*, 496 F. App'x 541, 546 (6th Cir. 2012). Under Rule 14(a) of the Federal Rules of Criminal Procedure, if an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "When the risk of prejudice is high, . . . limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. "[A]bsent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *Tran*, 433 F.3d at 478 (quoting *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). A defendant seeking severance "has a heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993).

## IV.   ANALYSIS

### A. Motion to Sever

#### 1.  Joinder of Claims

Defendant seeks to sever this case pursuant to Fed. R. Crim. P. 8(a). Defendant argues that severance pursuant to Rule 8 is proper "because the perjury charges involved are far removed from the underlying tax fraud allegations." [ECF No. 163, PageID.3430]. Defendant argues that the tax allegations and perjury allegations arise approximately a decade apart in time and that the tax fraud allegations and the perjury charges share no similarities. *Id*. Further, Defendant contends that the perjury trial will involve witnesses regarding the representation of lawyer Clinton Mikel in the dealings involving Defendant's business sale and licensing issues in 2012, whereas the tax fraud charges concern whether the Defendant failed to adequately pay his taxes. *Id*.

The Government argues that the offenses in the superseding indictment were properly joined under Fed. R. Crim. P. 8(a). The Government relies on *United States v. Frost*, where the Sixth Circuit provided that Rule 8(b) allows joinder of counts based on attempts to cover-up guilt for charged counts. 125 F.3d 346, 390 (6th Cir. 1997) (citing *United States v. Curry*, 977 F.2d 1042, 1049-50 (7th Cir. 1992) (perjury); *United States v. Carmichael*, 685 F.2d 903, 909-10 (4th Cir. 1982 (obstruction of justice). Additionally, the Government contends that Defendant's

position that the false declaration offenses took place many years after the tax offenses, does not prevent the acts from being part of a common scheme or plan. [ECF No. 167, PageID.3444]. Next, citing Seventh Circuit case law *United States v. Curry,* 977 F.2d 1042, 1049-50 (7th Cir. 1992), the Government argues that the perjury counts can be considered part of the same series of acts as the underlying conduct, which was misrepresented, regardless of the number of years between the alleged conspiracy and the subsequent alleged perjury. *Id.* Additionally, the Government argues that the offenses are of the "same or similar character" because both offenses are false statements. [*Id*. at PageID.3444-3445].

Pursuant to Rule 8, a trial court is required to examine the allegations of the indictment in order to determine whether the joining of the offenses and/or defendants has been proper. *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997); (citing *United States v. Lloyd*, 10 F.3d 1197, 1214 (6th Cir. 1993). Under Rule 8(a), two or more offenses may be charged in the same indictment "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The purpose of Rule 8(a) is "'to promote the goals of trial convenience and judicial efficiency.'" *Tran*, 433 F.3d at 478 (citation omitted). "When the joined counts are logically related, and there is a large area of overlapping

proof, joinder is appropriate." *U.S. v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citing *U.S. v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)).

Here, the two sets of charges are of the "same or similar character" because both generally involve allegations of the Defendant making false statements to the United States government. *See United States v. Abbott*, No. 24-5602, 2025 U.S. App. LEXIS 20077, 2025 WL 2237656, at *3 (6th Cir. Aug. 6, 2025) (concluding that each of the separate counts show that defendant "engaged in the same general course of conduct—depriving individuals of their civil rights while effectuating arrests as a deputy sheriff and, in some instances, taking the further step of filing false documents to conceal his acts"); *United States v. Harris*, 635 F.2d 526, 527 (6th Cir. 1980) (affirming joinder of three counts of stealing U.S. mail at different times). Accordingly, the Court finds joinder under Rule 8(a) is proper.

## 2. Prejudice to Defendant

Even if the joinder of offenses is proper, a severance may still be ordered under Rule 14(a). Here, Defendant argues that severance is proper under Fed. R. Crim. P. 14(a) because the trial on whether Defendant committed perjury will likely create questions for the jury regarding the previous trial and witness testimony about the alleged perjury will be confusing to the jury. [ECF No. 164, PageID.3431]. Defendant argues that there is a strong likelihood that there will be prejudice resulting from evidence that would be admissible in the perjury trial that would

7

otherwise be inadmissible in the tax fraud charges. *Id*. As an example, Defendant argues that any alleged unlawful or questionable business deals would be inadmissible character evidence in the tax fraud trial. *Id*. Defendant contends that separating these issues when making culpability decisions on both sets of charges would be difficult for the jury to do. *Id*.

The Government argues that severance is unsupported under Fed. R. Crim. P. 14(a) for several reasons. [ECF No. 167, PageID.3445]. First, the Government avers that virtually all the evidence to prove the tax charges and the false declaration counts would be admissible at both trials. *Id*. Second, under the Sixth Circuit Pattern Jury Instruction 7.14, in a trial limited to the tax charges, the Defendant's false exculpatory testimony would still be admissible to prove consciousness of guilt. *Id*. Third, Government argues that in a trial limited to the false declarations/perjury counts, it would have to prove that Defendant was facing the tax charges and that his answers were capable of influencing the jury. [*Id*. at PageID.3446]. The Government contends it also has the burden of proving materiality of these false statements to the jury, beyond a reasonable doubt. *Johnson v. United States*, 520 U.S. 461, 470 (1997). [*Id*. at PageID.3447]. Next, the Government contends that because the admissible evidence of both sets of charges completely overlaps, Defendant cannot show prejudice. *Id*. Last, the Government argues that the appropriate solution is to provide jury instructions that direct the jury that they are

not to speculate about the results of the first trial, and that the decision about guilt or innocence is solely theirs. *Id.*

Under Federal Rule of Criminal Procedure 14(a), a district court may, in its sound discretion, order separate trials for a defendant facing a multi-count indictment if the joinder of offenses appears to prejudice a defendant. *United States v. James*, 496 F. App'x 541, 546 (6th Cir. 2012). A defendant suffers prejudice if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each charge. *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). "Even where the risk of prejudice is high 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citation omitted).

The Court finds that severance as to the recently added perjury charge is warranted in this case. Defendant has shown compelling, specific and actual prejudice in trying the new perjury charges with the original charges, and that limiting instructions will not suffice to cure any risk of prejudice. Although there is an argument that the facts related to the perjury charges may be related to the original charges for making a false statement on his tax documents, it is too prejudicial to

9

Defendant for the jury to determine the facts as to all the charges together. The alleged false statements on Defendant's tax documents occurred as early as 2012 and the trial that the alleged perjury charges arise occurred in 2022—ten years apart. The facts surrounding the perjury charges may result in relitigating the prior jury trial, which lasted for weeks. If any witnesses are called as to the perjury charges, this could create confusion in that the jury's attention would focus on what occurred during the 2022 trial, in addition to focusing on what occurred back in 2012 as to Defendant's statements on his taxes. The first trial resulted in mistrial where the jury had to review several witness testimonies as well as tax, prescription, medical and pharmacy records, including the state's record keeping software and procedures related to a physician's pharmacy orders. The Court concludes that Defendant would be prejudiced by having both the underlying tax charges and the perjury charges in one trial, as it would create a spillover effect that could not be remedied by jury instructions.  The perjury charge will be tried after the jury makes its findings on the false statement on tax returns charges.

### B. Motion for Recusal

Defendant predicates his motion to recuse on 28 U.S.C. § 455(b)(5)(iv), the relevant part of which states a judge shall disqualify himself when it "[i]s to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(iv).

10

Defendant argues that the undersigned may be a "material witness" to the proceeding, because the undersigned "had extensive dealings with Dr. Nwoke over the many years this case has gone on. This would include some knowledge into his ability to understand English, his mannerisms, and his knowledge of the happenings in the courtroom." [ECF No. 164, PageID.3432]. At the motion hearing, counsel for Defendant stated that he does not seek recusal because the undersigned is biased in favor of or against either party.

The Government argues against recusal. The Government avers that a judge is not a material witness when other witnesses available may give the same testimony. [ECF No. 164, PageID.3448]. The Government argues that the Defendant has lived in the United States since he was 17 years old and has attended high school through medical school here. *Id*. As such, there are many people who can testify about the Defendant's knowledge of the English language. [*Id*. at PageID.3449]. The Government contends that even in terms of Defendant's "knowledge of the happenings in the courtroom," "other courtroom participants such as the court reporter, court security officers, the jurors and retired Assistant United States Attorney Carl Gilmer-Hill" also observed the Defendant in court and could testify. *Id*. Additionally, the Government argues that testimony concerning courtroom observations of the Defendant while testifying are likely inadmissible under the Federal Rules of Evidence. *Id*. The Government maintains that testimony about

11

whether the Defendant's "demeanor indicated he was telling the truth or was confused or was trying to answer the question honestly" would be inadmissible, because creditability is a question for the jury. *Id*.

The Court finds that recusal is not warranted in this case. Defendant argues that the judge "*could* become a witness" in Defendant's perjury trial. [ECF No. 164, PageID.3432 (emphasis added)]. However, "'[u]nsubstantiated speculation' about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." *Arrowood Indem. Co. v. City of Warren*, 54 F. Supp. 3d 723, 727 (E.D. Mich. 2014) (citations omitted). Further, as the Government argued, "recusal is not required 'when other witnesses are available to provide the same testimony.'" *Hall v. City of Williamsburg*, 768 F. App'x 366, 373 (6th Cir. 2019) (quotation omitted); *see also Arrowood Indem. Co.*, 54 F. Supp. 3d at 728 ("[A] judge is not required to recuse when there are other available witnesses that could provide the same testimony as that judge. It is well established that a judge is not a material witness where there are other available witnesses who can give the same testimony." (quotation omitted)). Here, Defendant concedes that "there were other people of import present during Dr. Nwoke's original trial[.]" [ECF No. 164, PageID.3432]. Because other courtroom participants also observed Defendant in court, there are other witnesses available to testify as to observations of Defendant during his court proceedings. The Sixth Circuit has cautioned that

"there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (brackets and quotation marks omitted). Accordingly, this Court concludes that in this case, it would not be a material witness requiring disqualification.

## V.   CONCLUSION / ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant's motion to sever the tax fraud and perjury counts and for recusal as to the perjury counts [ECF No. 164] is GRANTED IN PART and DENIED IN PART: The motion to sever the tax fraud and perjury charges is GRANTED and the motion for recusal as to the perjury counts is DENIED.

SO ORDERED.

Dated: March 30, 2026

s/Denise Page Hood
Denise Page Hood
United States District Judge