**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 18-CR-20686

Honorable Denise Page Hood

v.

PETER RAYMOND NWOKE,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT PETER RAYMOND NWOKE MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL [ECF No. 219]**

## I. INTRODUCTION

Before the Court is Defendant Peter Raymond Nwoke's ("Defendant") motion for judgment of acquittal under Rule 29, or alternatively, motion for a new trial under Rule 33. [ECF No. 219]. The motion is fully briefed. [ECF Nos. 220, 222]. For the reasons set forth below, Defendant's motion is denied.

## II. BACKGROUND

On October 11, 2018, an indictment was filed charging Defendant with: False Statement on Tax Returns, 26 U.S.C. § 7206(1) (Counts One, Two, Three, Five, Six) and Failure to Pay Income Taxes, 26 U.S.C. § 7203 (Count Four). [ECF No. 1]. The

charges stem from (1) filing tax returns that underreported Nwoke's income and tax liability in tax years 2011, 2012 and 2013; and (2) failing to pay the underreported tax amounts for those same years. A jury trial was held beginning on September 20, 2022, ending in a declaration of a mistrial on October 27, 2022.

On October 8, 2025, a superseding indictment was filed charging Defendant with: False Statement on Tax Returns, 26 U.S.C. § 7206(1) (Counts One, Two, Three); Failure to Pay Income Taxes, 26 U.S.C. § 7203 (Counts Four, Five, Six); False Declaration Before a Court, 18 U.S.C. § 1623 (Counts Seven, Eight, Nine); Commission of Offense While on Bond – Sentencing Enhancement 18 U.S.C. § 1347, (Count 10). [ECF No. 163]. The charges stem from (1) filing tax returns that underreported Defendant's income and tax liability in tax years 2011, 2012 and 2013; (2) failing to pay the underreported tax amounts for those same years; (3) knowingly causing the making of a false material declaration under oath in the United States District Court for the Eastern District of Michigan, Southern Division during the trial of *United States v. Peter Raymond Nwoke*, Case Number 18-CR-20686; and (4) while out on bond pursuant to 18 U.S.C. § 3141 et seq, committing the felony offenses in Counts 7, 8, 9. The Court severed the tax fraud and perjury counts, ordering that the perjury charges will be tried after the tax fraud charges. [ECF No. 185]. On April 7, 2026, trial for Defendant's tax fraud charges

commenced. On May 12, 2026, Defendant was found guilty on counts one through six of the amended superseding indictment. [ECF No. 189].

On July 1, 2026, Defendant filed a motion for new trial or judgment of acquittal. [ECF No. 219]. The motion is fully briefed. [ECF Nos. 220, 222]. Defendant's final pretrial conference is scheduled for November 19, 2026, and his trial for the perjury charges is scheduled for December 1, 2026. [ECF No. 224].

## III. LAW AND ANALYSIS

### A. Rule 29

To support a motion for judgment of acquittal the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007). The court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict. *Id.* at 669-70. The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses. *United States v. Ramirez*, 635 F.3d 249, 255-56 (6th

Cir. 2011). There is a strong presumption in favor of sustaining a jury conviction. *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994).

Defendant asserts two bases for finding an insufficiency of the evidence. First, Defendant argues that the evidence does not show that he "willfully" filed false income tax returns or failed to pay income taxes. [ECF No. 219, PageID.4966-4970]. Second, Defendant contends that the Government failed to establish that the cash that was deposited in the various bank accounts was income. [*Id.* at PageID.4976-4977].

**1. Whether there was sufficient evidence of that Defendant "willfully" filed false tax returns or pay proper income tax?**

Defendant argues that the Government presented insufficient evidence to establish that he willfully filed false income tax returns or failed to pay income taxes for tax years 2011 through 2013. [ECF No. 219, PageID.4966-4970]. Defendant contends the Government's witnesses established that he "did not prepare his own tax returns, that he entrusted that task to professionals, that he provided those professionals with his records, and they failed to do what they were paid to do, namely file the proper taxes." [*Id.* at PageID.4972]. Defendant argues that any inaccuracies resulted from his former bookkeeper's and accountant's failure to properly report his income and prepare his corporate tax filings, rather than his intentional violation of the tax laws. [*Id.* at 4972-4974]. In support, Defendant points

to discrepancies between the gross receipts reported by his former bookkeeper and those subsequently reported by his accountant, as well as evidence that his accountant billed him for corporate tax filings that were never completed. *Id*.

Defendant further argues that the Government failed to establish that he willfully failed to pay his income taxes. [*Id*. at PageID.4976]. He maintains that he made some payments toward his 2011 tax liability and had been designated as "currently non-collectible." *Id*. Defendant also asserts that he previously testified that his tax attorney was negotiating a payment plan for the taxes owed, although no agreement was ultimately reached. *Id*. Defendant further argues that even if the Government's allegations concerning prescription trafficking and corporate ownership were true, those activities would not independently establish the willfulness necessary to sustain his tax convictions. [*Id*. at PageID.4977]. He maintains that his tax professionals possessed the information needed to accurately report the income and that holding him criminally responsible for their alleged errors would constitute a manifest injustice. *Id*. Accordingly, Defendant requests a judgment of acquittal or, alternatively, a new trial in the interest of justice. [*Id*. at PageID.4978].

The Government's response contends that Defendant's reliance on tax professionals does not negate willfulness because the evidence established that Defendant affirmatively misled those professionals about his income. [ECF No. 220,

PageID.4983-4984]. Specifically, the Government contends that Defendant failed to disclose income from three separate corporations: (1) City Medical; (2) Divine Medical Care; and (3) Divine Medical Center. [*Id.* at PageID.4984-4989]. The Government maintains that Defendant falsely represented that he did not own or receive income from City Medical and Divine Medical Center, despite evidence establishing his ownership or control of their operations and bank accounts. *Id.* Although Defendant admitted that Divine Medical Care was his corporation, the Government contends that Defendant underreported his income from this corporation during 2011 and 2012 tax years. [*Id.* at PageID.4986]. The Government also notes that Defendant's accountant advised him to amend his tax returns after discovering Defendant's undisclosed income, but Defendant failed to do so. [*Id.* at PageID.4985]. According to the Government, Defendant's affirmative misrepresentations and omissions undermine his claim that the tax inaccuracies resulted from his accountants' errors. [*Id.* at PageID.4983-4985].

In reply, Defendant maintains that the Government did not establish "willfulness" as defined in the jury instructions as "a voluntary, intentional violation of a known legal duty." [ECF No. 222, PageID.4997-4998 (citing *United States v. Schroeder*, 500 F. App'x 426, 437 (6th Cir. 2012))]. Defendant argues that even if he failed to comply with his accountant's engagement letter or provide all requested documents, such failures would establish, at most, negligence rather than

willfulness. [*Id.* at PageID.4998]. Defendant asserts that the jury instruction explicitly states that "[n]egligent conduct is not sufficient to constitute willfulness." *Id*. He further contends that his accountant admitted to errors and shortcuts in preparing the returns and that discrepancies between the accountant's and bookkeeper's calculations undermine the reliability of the accountant's testimony. *Id*. Defendant also maintains that his tax professionals failed to identify or request the allegedly missing documentation. [*Id.* at PageID.4998-4999]. Specifically, Defendant notes that his tax attorney, Joel Schavrien, could not identify any particular documents he requested that Defendant failed to provide. [*Id.* at PageID.4999]. According to Defendant, his cash deposits over the reportable amount, disclosure of bank accounts to his tax professionals, and attempts to settle his tax debts are inconsistent with a willful intent to evade the tax laws. [*Id.* at PageID.4999-5000].

The Court finds that the evidence in this case is sufficient for a rational juror to find beyond a reasonable doubt that Defendant willfully filed false income tax returns for tax years 2011 through 2013.

Here, Ernest Turken, a certified public accountant, who testified that he prepared tax returns for Dr. Nwoke and helped with an IRS audit. [ECF No. 106, PageID.2628, 2631]. Turken testified that although he did not ask Defendant to identify all his sources of income, he asked whether Defendant received any income

beyond that disclosed from Divine Medical. [ECF No. 106, PageID.2656-2657]. According to Turken, Defendant did not identify any additional income. *Id*. Turkin also testified that Defendant did not identify City Medical Care as a source of his income for his tax returns in 2011 and 2012. [*Id*. at PageID.2693]. Therefore, Defendant's tax returns for those years did not report income from City Medical Care. *Id*. Turkin testified that Defendant's statements about City Medical Care misled him in his calculation of Defendant's 2011 taxable income. [ECF No. 91, PageID.1386].

**2. Whether there was sufficient evidence of Defendant's unreported taxable income?**

Defendant argues that in order for the charges to have merit, the cash that was deposited in the various bank accounts must have been income. [ECF No. 219, PageID.4976-4977]. Defendant contends, however, that multiple witnesses confirmed at trial, that not all bank deposits constitute income, such as gifts and loans, and that the IRS computing agent assumed every cash deposit was taxable without independently investigating its source. [*Id*. at PageID.4968-4969, 4976-4977]. Defendant argues for example that certain deposits represented gifts from members of the Nigerian community intended to assist his family with legal proceedings in Nigeria. [*Id*. at Page.4977]. He further argues that the Government's calculations were unreliable because they failed to account for legitimate business

expenses and because witnesses reached various conclusions regarding his tax liability. [*Id*. at PageID.4974-4976 (citing Government's Exhibits 2, 33A, and 54G].

Additionally, Defendant argues that the Government improperly relied on evidence of alleged prescription-drug trafficking and disputed corporate ownership arrangements. [ECF No. 219, at PageID.4970, 4975-4976]. Defendant challenges the reliability of the Government's prescription-related evidence and the credibility of a cooperating witness who received sentencing benefits. [*Id*. at PageID.4970, 4975].

The Government disputes Defendant's characterization of its investigation and maintains that the evidence sufficiently established his unreported taxable income. [ECF No. 220, PageID.4985-4986]. According to the Government, IRS Agent Ching Mei Chung conducted a comprehensive analysis of more than 20 bank accounts, including bank statements, deposit slips, canceled checks, and potential nontaxable sources of funds, such as gifts and loans. *Id*. The Government contends that this investigation established large amounts of unreported income from Defendant's medical corporations. [*Id*. at PageID.4985-4989]. Specifically, the Government asserts that Defendant failed to report more than $160,000 from City Medical, more than $800,000 from Divine Medical Care, and approximately $107,000 from Divine Medical Center. *Id*.

The Government further argues that income derived from illegal activities remains taxable and must be reported on tax returns. [ECF No. 220, at PageID.4993]. The Government contends that Defendant received substantial unreported cash income from selling controlled-substance prescriptions. [*Id*. at PageID.4989]. The Government relies on testimony from Marcus Jenkins, who stated that he paid Defendant $500 per prescription, often in cash payments totaling $5,000 to $10,000. *Id*. The Government maintains that Jenkins' testimony was corroborated by other witnesses, patient records, expert testimony concerning Defendant's prescribing practices, and financial records reflecting approximately $1.46 million in cash deposits between 2011 and 2013. [*Id*. at PageID.4989-4992]. The Government points to the testimony of Sheryl Maxwell, a former IRS revenue agent, who stated that during her interview with Defendant, he indicated that his medical practice had no cash patients and did not collect co-pays. [*Id*. at PageID.4989 (citing to ECF No. 190, PageID.3691-3692)]. The Government also contends that Defendant's cash deposits corresponded with the volume of the prescriptions he wrote which then declined following an FBI investigation at the Jenkins Adult Foster Care Home in July of 2011. [*Id*. at PageID.4992]. According to the Government, this evidence established that Defendant received substantial unreported income from prescription sales. [*Id*. at PageID.4989-4992].

In his reply, Defendant argues that the prescription-trafficking allegations were speculative and unsupported by a meaningful investigation. [ECF No. 222, PageID.4997-4999]. He argues that Jenkins' testimony suggested that their alleged illegal activities ended in 2010, whereas the Government maintained that those activities continued into subsequent years. [*Id*. at PageID.4999]. Defendant also challenges the Government's reliance on prescription-monitoring data, asserting that the evidence did not clearly establish which physician issued each prescription and pointing to the absence of testimony from patients concerning whether the prescribed medications were medically necessary. *Id*.

Further, Defendant asserts that the medical corporations were operating businesses with employees, rent, bills, and other overhead expenses that the Government failed to adequately account for in calculating taxable income. [ECF No. 222, PageID.4998-4999]. Although Agent Chung testified that her analysis considered business expenses, Defendant argues that she failed to identify those expenses or explain how they were calculated. [*Id*. at PageID.4999].

The Court finds that the evidence in this case is sufficient to convince a rational juror beyond a reasonable doubt that Defendant willfully failed to pay income taxes for tax years 2011 through 2013.

Revenue Agent Chung testified that, based on her analysis, Defendant controlled all three medical corporations: (1) City Medical; (2) Divine Medical Care; and (3) Divine Medical Center. [ECF No. 204, PageID.4610]. Agent Chung testified that she did a thorough investigation of Defendant's tax liability, including his income from his medical corporations. Her review included examining bank statements of more than 20 accounts, on which Defendant had signature authority. [*Id*. at PageID.4606]. Agent Chung testified she reviewed signature cards, cancelled checks, all debit items, deposit slips, various types of deposits including cash, check or electronic, as well as nontaxable items such as loans or gifts. [*Id*. at PageID.4594-4595]. Based on her analysis of the medical corporations, she testified that although City Medical earned a net profit of more than $100,000 in 2011, more than $60,000 in 2012 and zero in 2013, Defendant did not report any income from City Medical in 2011 or 2012. [*Id*. at PageID.4610-4611]. Agent Chung testified that Divine Medical Care earned a net profit of just under $700,000 in 2011 and just under $100,000 in 2012 and zero in 2013. [*Id*. at PageID.4609]. She testified that although Defendant benefited from income received from Divine Medical Care, he omitted income from this entity entirely from his taxes. [*Id*. at PageID.4609-4610]. Agent Chung testified that in 2013, Divine Medical Center earned a net profit of more than $100,000. [*Id*. at PageID.4612]. She testified that although Defendant benefited from

income received from Divine Medical Center, he omitted income from this entity entirely from his taxes. [*Id*. at PageID.4612-4613].

**B. Rule 33**

Defendant alternatively seeks a new trial under Rule 33. Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of the witnesses; "[i]t has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in extraordinary circumstances where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). The defendant bears the burden of proving that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

**1. Whether Defendant's Rule 29 arguments warrant a new trial in the interest of justice?**

Defendant only makes a brief reference to Rule 33 and provides no analysis under this Rule. Rather, Defendant arguments focus on sufficiency of the evidence, which is the standard for Rule 29. Accordingly, Defendant's request for a new trial based upon insufficiency of the evidence as to willfulness and cash deposited being income is denied for the same reasons as discussed above. *See United States v. Bowens*, 938 F.3d 790 (6th Cir. 2019) (holding that the district court's denial of the defendants' Rule 33 motions "for the same reasons" it denied the defendants' Rule 29 motions was "enough under abuse-of-discretion review because the defendants made the same arguments in support of their Rule 33 motions as they did in support of their Rule 29 motions."). Defendant's arguments are insufficient, and the manifest weight of the evidence does not cut against the jury's verdict.

**2. Whether the Government's presentation of uncharged misconduct evidence warrants a new trial in the interest of justice?**

Defendant appears to cursorily argue that the Government's extensive presentation of uncharged misconduct "likely had a negative effect on the Jury." [ECF No. 219, at PageID.4975-4976]. Defendant does not provide any substantial argument or basis for his assertions. Although Defendant does not specify whether he raises this argument under Rule 29 or Rule 33, the Court will analyze it under Rule 33 because Defendant does not challenge the sufficiency of the evidence but

the effect of the Government's presentation of evidence on the jury. Accordingly, the Court considers whether the Government's presentation of the uncharged misconduct evidence warrants a new trial in the interest of justice.

The Government responds that the prescription-related evidence was directly relevant to establishing the source and amount of Defendant's unreported income. [ECF No. 220, PageID.4992-4993]. It contends that Defendant received substantial cash payments for prescriptions intended for resale on the street market and that evidence concerning his prescribing practices supported its calculation of his unreported income. [*Id*. at PageID.4989-4992]. The Government further argues that income derived from illegal activities remains taxable and must be reported on tax returns. [*Id*. at PageID.4993]. The Government emphasizes that the Court repeatedly instructed the jury that Defendant was charged only with tax offenses and that the prescription-related evidence could be considered solely for purposes of determining whether he failed to report income. *Id*. The Government maintains that the admission of this evidence does not warrant a new trial. [*Id*. at PageID.4992-4993].

The Court finds that Defendant did not meet his burden to show that that a new trial is warranted in the interest of justice. The Court found the prescription-related evidence admissible and clear limiting instructions were given to the jury regarding the use of this evidence. [ECF No. 209, PageID.4888-4889]. Any reference to prior bad acts, even if permissible as background evidence, may be

cured by limiting instructions. *United States v. Smith*, 656 F. App'x 70, 73 (6th Cir. 2013). "Juries are presumed to follow instructions given them, and nothing here indicates the jury here did otherwise." *Hildebrandt v. Hyatt Corp.*, 154 F. App'x 484, 489 (6th Cir. 2005). The Court denies Defendant's Rule 33 motion because Defendant has not shown a new trial is in the interest of justice.

## IV. CONCLUSION / ORDER

For the reasons set forth above,

IT IS ORDERED that the Defendant's Motion for judgment of acquittal under Rule 29, or alternatively, motion for a new trial under Rule 33 [ECF No. 219] is DENIED.

SO ORDERED.

Dated: November 19, 2026

s/Denise Page Hood
Denise Page Hood
United States District Judge